**FILED**

DEC - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jay C. McKean
c/o 164 West Bench Road
Roberts, Montana [59070]
Phone: 406.446.1789

Plaintiffs, in *pro se*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jay C. McKean,                          )
                                        )     Case No.
             Plaintiff,                 )
                                        )
    vs.                                 )
                                        )
UNITED STATES, a Federal corporation;   )     **THE RIGHT TO TRIAL BY JURY**
INTERNAL REVENUE SERVICE,               )       **OF ALL ISSUE SO TRIABLE**
DEPARTMENT OF THE TREASURY, SOCIAL )          **IS HEREBY RESERVED**
SECURITY ADMINISTRATION, AVANTA         )
Federal Credit Union, Title 26 UNITED STATES )
CODE § 6331(a); EIGHTEEN THOUSAND       )     Case: 1:07-cv-02202
DOLLARS OF FEDERAL RESERVE NOTES        )     Assigned To : Huvelle, Ellen S.
and JOHN DOES 1 through 5, inclusively, )     Assign. Date : 12/6/2007
                                        )     Description: Pro Se General Civil
             Defendants.                )
                                        )

*JURY ACTION*

## VERIFIED COMPLAINT FOR QUIET TITLE TO
## PERSONAL PROPERTY AND FOR DAMAGES

COMES NOW, Plaintiff Jay McKean, proceeding on his own behalf, filing this Verified

Complaint and invoking the Constitution pursuant to 28 U.S.C. § 1331, *et seq.,* to cede the

jurisdiction of this Court, vesting this Court with the authority to act as an Article III Court

under the Constitution for the United States of America to dispose of cases and controversy that

fall within its constitutional ambit, since Article III *"serves to identify those disputes which are*

***appropriately resolved through the judicial process.***" <u>Whitmore v. Arkansas, 495 U.S. 149, 155</u>

<u>(1990)</u>. It is well established that the *"**Federal courts of limited jurisdiction are empowered to***

*hear only those cases that the Constitution and Congress grant them authority to consider.*"
See *Finley v. United States*, 490 U.S. 545 (1989).

Plaintiff has standing by virtue of the fact that Defendants' acts, commissions, and omissions have caused Plaintiff to suffer an injury – an invasion of a legally-protected interest which is: (a) concrete and particularized, *Warth v. Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n.16 (1972); and (b) actual or imminent, Whitmore, supra, at 155 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); secondly, there is a causal connection between the injury and the conduct complained of traceable to the challenged action of the Defendants, *Simon v. Eastern K. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976); and thirdly, it is likely that the injury will be redressed by a favorable decision, id. at 38, 43. "*In order to maintain a cause of action based on an allegation of constitution violations, a plaintiff must show that the actions complained of are 'fairly attributable' to the government.*" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The following issues as alleged herein give rise to the Plaintiff's complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and is not extraordinary.

The Defendants' acts have shamefully and effectively wreaked havoc on Plaintiff's life, health, liberty, property and posterity, depriving Plaintiff of his most fundamental rights as protected under the Constitution for the United States of America. The following issues give rise to the Plaintiff's complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of administrative remedies, and are not extraordinary.

Plaintiff is seeking actual and compensatory damages for the injuries to person and property caused by the Defendants by their reckless and willful acts. Plaintiff has enjoined all cognizable

issues capable of being resolved by this Court in a single suit asserting multiple causes of action. The Plaintiff reserves the right to amend this Verified Complaint at anytime in the event the Plaintiff discovers additional violations of the law cognizable as a cause of action, prior to and after the Defendants answer, by leave of the Court if necessary.

### Jurisdiction And Venue

This Court has Common Law Article III jurisdiction over this matter statutorily invoked pursuant to 28 U.S.C. §§ 1331 to engage the Common Law protections afforded the Plaintiff. The statutory jurisdiction of this Court pursuant to 26 U.S.C. §§ 6331 – Levy and distraint, 6212 – Notice of Deficiency, 6213 – Restrictions applicable to deficiencies, 7429 – Review of Assessment Procedures, 7433 – Civil damages for unauthorized collection actions, 7802 – Internal Revenue Service Oversight Board; Title 5 U.S.C. §§ 701 through 706 – Administrative Procedure Act; 28 U.S.C. § 1340 – Internal Revenue, 28 U.S.C. § 1346 – United States Defendants, 28 U.S.C. § 1367 – Supplemental Jurisdiction, 28 U.S.C. § 3002(15)(A) – United States Federal Corporation, 28 U.S.C. § 1651 – All Writs Act, 28 U.S.C. § 1658 – Time Limitations on Civil Actions, 28 U.S.C. § 2410 – Quiet Title; Federal Rules of Civil Procedure §§ 57 and 65 and the broad equitable powers of this Court. The Court has jurisdiction under the Constitution for the United States of America pursuant to the First, Fourth, Fifth, Ninth, Fourteenth and Sixteenth Amendments, and the Bill of Attainder Clause at Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1.

Venue is proper in the District of Columbia, the Seat of Government pursuant to 4 U.S.C. §§ 71, 72 and 73; the United States is a Federal corporation pursuant to 28 U.S.C § 3002(15)(A) and a citizen as defined at 28 U.S.C § 1332(c)(1) and (d), maintaining its corporate offices in the district. A duly authorized officer of the United States will answer on behalf of the acts

committed by its officials, officers, agents and employees from said district. "***The United States government is a foreign corporation with respect to a state.***" <u>In the Matter of Merriam</u>, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see <u>Penhallow v. Doane's Administrator's</u>; <u>Clearfield Trust Company v. United States</u>, 318 U.S. 363, 371, (1942). Said corporation employees are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which is alleged herein.

### Parties

i. Plaintiff Jay McKean is presently domiciled at 164 West Bench Road, Roberts, Montana, located in these 50 United States of (North) America.

ii. Defendant UNITED STATES' main office is located at 500 N. Capitol St. NW, Washington, DC 20221.

iii. Defendant the INTERNAL REVENUE SERVICE'S main office is located at 1111 Constitution Avenue NW, Washington. DC 20224 with a pilot office at Internal Revenue Service, ACS Support, PO Box 24017, Fresno, CA 93779-4017.

iv. Defendant the DEPARTMENT OF THE TREASURY'S main office located at 1500 Pennsylvania Avenue NW, Washington. DC 20220.

v. Defendant the U.S. SOCIAL SECURITY ADMINISTRATION'S corporate office is at 2100 M Street NW, Washington, DC 20037.

vi. Defendant AVANTA Federal Credit Union's is not a corporation, the main office is at 3212 Central Avenue, Billings, MT 59102.

vii.Defendant TITLE 26 UNITED STATES CODE § 6331(a)'s main office is located at 501 Third Street, NW, Washington. DC 20001.

viii. Defendant EIGHTEEN THOUSAND DOLLARS IN FEDERAL RESERVE NOTES'

main office is located at 1500 Pennsylvania Avenue NW, Washington. DC 20220.

ix. The true names and identities of JOHN DOES 1 through 5 are unknown to Plaintiff at

the time of filing this action; however, when the true names and identities become known to

Plainiff, he will amend the complaint with the new information.

### Joinder of Parties

Defendants, the UNITED STATES, a Federal corporation; the INTERNAL REVENUE

SERVICE, the DEPARTMENT OF THE TREASURY, the SOCIAL SECURITY

ADMINISTRATION, AVANTA FEDERAL CREDIT UNION, Title 26 UNITED STATES

CODE § 6331(a) is a private statute; EIGHTEEN THOUSAND DOLLARS OF FEDERAL

RESERVE NOTES are private bank notes and JOHN DOES 1 through 5 have individually and

collectively participated in causing damage and harm to Plaintiff Jay McKean's person and

property, and he hereby enjoins all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari*

*materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

> "*. . . if the joined claims do arise from the same case or controversy, the court
> may exercise supplemental jurisdiction over the claims*." See *Leham v.
> Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999). "*. . . Rule 18 permits
> joinder of any and all claims subject only to objections to jurisdiction and venue
> . . .*" *Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991).

Therefore, in the interest of justice and under the Due Process Clause of the Fifth Amendment

and the equal protection of the law under the Fourteenth Amendment to the Constitution for the

United States of America, Plaintiff effectively moves to enjoin all parties named herein as proper

before the Court.

### The United States Supreme Court Established The Doctrine Of
### Substance Over Form Regarding The Filing Of A Complaint

The United States Supreme Court stated in *Frank Lyon Co. v. United States*, 435 U.S. 561

(1978) 98 S.Ct. 1291, "*In applying this doctrine of substance over form, the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed.* **"The Court has never regarded 'the simple expedient of drawing up papers,'"** *Commissioner* v. *Tower*, 327 U.S. 280, 291 (1946), **"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding."** *Helvering v. F. & R. Lazarus & Co.*, 308 U.S. 252, 255. See also *Commissioner v. P. G. Lake, Inc.*, 356 U.S. 260, 266-267 (1958); *Commissioner* v. *Court Holding Co.*, 324 U.S. 331, 334 (1945). **"Nor is the parties' desire to achieve a particular tax result necessarily relevant."** *Commissioner* v. *Duberstein*, 363 U.S. 278, 286 (1960).

**Plaintiff Exhausted His Administrative**
**Remedy Prior To Filing This Verified Complaint**

Plaintiff realleges all allegations stated above, and further alleges:

Prior to filing this action, the Plaintiff filed numerous administrative claims by writing and serving notice on the Area Director and the Compliance Technical Support Manager for the IRS District of Montana as required by 26 C.F.R. § 301.7433-1(e)(1). In these written administrative claims, the Plaintiff informed the Area Director and the Compliance Technical Support Manager in detail of the grounds for said claims; the attached exhibits in support are included herein (see **Exhibit A** and **B** attached hereto and incorporated herein by reference).

Plaintiff informed the Area Director and the Compliance Technical Support Manager in writing and described the injuries incurred as a result of the violations of law and violations of administrative regulations by IRS personnel attached to the exhibits in support.

Plaintiff further informed the Area Director and the Compliance Technical Support Manager in writing of the specific dollar amount of the claims and damages incurred, not yet incurred

and the reasonably foreseeable damages for which all of the claims were made. The IRS has either ruled upon the administrative claims, denying each and every claim, or in the alternative, a period of six months has passed and the Area Director and the Compliance Technical Support Manager have not answered (see **Exhibit B** attached hereto and incorporated herein by reference).

Plaintiff effectively exhausted his administrative remedy in several sections of Title 26 of the United States Code, including, but not limited to: 26 U.S.C. § 7433 – Unauthorized Collection Action, 26 U.S.C. § 6401– Abatements, 26 U.S.C. § 6326 – Appeal of Administrative Liens; and by the documented plethora of substantive and procedural Due Process violations by employees of the United States Federal corporation, as verified in this Complaint, demonstrating that the Defendants have effectively waived their immunity.

The UNITED STATES and named Defendants have further waived immunity under the Anti-Injunction Act, codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the assessment and collection of federal income taxes: **which is <u>not</u> the intent or subject matter of this suit**. According to *Hoillingshead v. United States*, 85-2 USTC 9772 (5th Cir 1985), 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful Levy. ***"The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process."***

Section 7421 of the Internal Revenue Code provides, in relevant part as follows:

(a)    Tax – Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or

collection of any tax shall be maintained in any court by any
person, whether or not such person is the person against
whom such tax was assessed.

**Plaintiff is <u>not</u> seeking to restrain the lawful assessment or collection of any internal revenue tax**, but is disputing the constitutional and procedural violations of Due Process and the documented reckless and willful disregard for the internal revenue laws committed by the UNITED STATES' Defendants.

Verified documentary evidence on the record provides that employees of the UNITED STATES and named Defendants have failed to comply with the administrative prerequisites that would grant relief under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists when employees of the UNITED STATES and named Defendants are in compliance with the Constitution for the United States of America and acts of Congress.

Plaintiff submits documentary evidence sufficient to establish that unknown employees of the UNITED STATES and named Defendants have illegally persecuted Plaintiff and are illegally seizing and taking Plaintiff's personal property under color of law of the internal revenue laws and color of legal authority without establishing tax liability, without imposing a tax, without a determination, without a notice of deficiency, without an assessment and without a warrant.

Further, the UNITED STATES and named Defendants consent to being sued when any one of its officials, officers, agents or employees who act as agents, proceed in violation of Congressionally mandated, statutory procedures during an administrative, civil or criminal judicial proceeding, as in this case.

### No Plain, Adequate And Complete Remedy, Statutory Or Otherwise, Exists For Plaintiff To Challenge The Constitutionality Of A Federal Statute

Plaintiff has invoked the tenable jurisdiction of the Administrative Procedure Act (APA). In this instant case, the Plaintiff has no access to judicial review to challenge the constitutionality regarding the statutory language, construction or ambiguity of 26 U.S.C. § 7201, 7203 and 7851 as ". . . *the Act was not intended to bar an action where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax.*" See <u>South Carolina v. Regan</u>, 465 U.S. 367, 373, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). The relief sought by the Plaintiff under the APA is non-monetary, amongst other things, to obtain relief regarding the <u>procedural validity</u> of the agency action.

The Administrative Procedure Act ("APA"), however, waives the United States' sovereign immunity for actions brought by [p]ersons *suffering a legal wrong* at the hands of an agency when those [p]ersons seek relief other than monetary damages pursuant to 5 U.S.C. § 702(a). "*Another waiver of sovereign immunity may be found in a statute that creates a federal agency, corporation or other artificial entity, and gives to that entity, the power to sue and be sued.*" See <u>FDIC v. Meyer</u>, 510 U.S. 471, 473, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

In <u>The Presbyterian Church (U.S.A.) v. United States</u>, 870 F.2d 518, 525 (9th Cir. 1989), the court cited the intent of Congress in passing the APA in so stating: ". . . *on its face, the 1976 amendment to § 702 waives sovereign immunity in all actions seeking relief from official misconduct except for money damages*." The court went on to state: ". . . nothing in the legislative history of the 1976 amendment of § 702 suggests that Congress intended to limit the waiver of sovereign immunity to the specific forms of "agency action" enumerated in § 551(13). On the contrary, *Congress stated that "the time [has] now come to eliminate the sovereign immunity defense in all equitable actions for specific relief against a Federal agency or*

*officer acting in an official capacity*." H.Rep. No. 1656, 94th Cong., 2d Sess. 9, *reprinted in* 1976 U.S. Code Cong. & Admin.News 6121, 6129 (emphasis supplied). "***Congress singled out types of government conduct similar to the alleged INS conduct in this case*** — "*tax investigations*" and "***control of subversive activities***" — *as appropriate for judicial review under the amended version of § 702.*"

In this instant case the UNITED STATES, INTERNAL REVENUE SERVICE DEPARTMENT OF THE TREASURY, SOCIAL SECURITY ADMINISTRATION, AVANTA Federal Credit Union, Title 26 UNITED STATES CODE § 6331(a); EIGHTEEN THOUSAND DOLLARS OF FEDERAL RESERVE NOTES and JOHN DOES 1 through 5, inclusively, cannot and have not pointed to a plain, adequate and complete remedy – statutory or otherwise – that would prove to have afforded the Plaintiff a remedy to challenge the procedural validity of the agency action of misapplying the statutory language of 26 U.S.C. § 6331(a), resulting in the taking of Plaintiff's personal property – and rendering the jurisdiction of the APA unquestionable.

## AFFIDAVIT OF FACTS AND SUMMARY OF EVENTS

1. Plaintiff realleges all allegations stated above and further allege:

2. On or about May 11, 2007, Plaintiff served Operations Manager R. JOHNSON, the Chief, Special Procedures, and the Compliance Support Manager for Area 11 completed Form 9423 – "Collection Appeals Request" attached to Plaintiff's "Verified Claim . . ." demanding the release of the illegal and unauthorized Notice of Levy issued to AVANTA Federal Credit Union due to violations of due process and administrative procedures; and in response Plaintiff received a letter from Team Manager, Appeals, JACK T. ESTOLL at the Denver, CO location, stating that his determination is that the Notice of Levy was appropriately issued and that his

letter serves as notice that Plaintiff's matter is closed, causing $12,660.39 of Plaintiff's personal property to be seized and released to the IRS (see **Exhibit A** and **Exhibit B** attached hereto and incorporated herein by reference).

3.   On or about May 4, 2007, Plaintiff received correspondence from AVANTA, Federal Credit Union's call center Specialist SHERRY LOWELL, explaining their position and actions taken regarding the Notice of Levy received, causing $12,660.39 of Plaintiff's personal property to be seized (see **Exhibit C** attached hereto and incorporated herein by reference).

4.   On or about April 9, 2007, Plaintiff received correspondence from the SOCIAL SECURITY ADMINISTRATION'S Assistant Regional Commissioner STEPHEN BREEN, located at Richmond, CA, stating they are in receipt of, and actions regarding, a Notice of Levy issued by the Internal Revenue Service (IRS), causing $367.80 of Plaintiff's personal property to continuously be seized and released to the IRS on a monthly basis (see **Exhibit D** attached hereto and incorporated herein by reference).

5.   On or about January 3, 2005, Plaintiff first learned of a Notice of Levy issued by unknown IRS Service employee(s) by receiving a monthly payment summary from the DEPARTMENT OF THE TREASURY, FINANCIAL MANAGEMENT SERVICE office located at Birmingham, AL stating that they are in receipt of, and actions regarding, the issued Notice of Levy, causing the continuous, monthly, seizure and release to the IRS, Plaintiff's personal property held by that office totaling, as of the date of this Complaint, in excess of $7,700.00 (see **Exhibit E** attached hereto and incorporated herein by reference).

6.   That the Plaintiff has been and continues to be victimized by the Defendants, who have wholly acted in bad faith under color of law and have unjustly enriched their coffers, by causing direct economic damage to the Plaintiff with the issuance of non-judicial administrative

instruments used to seize and take the personal property in violation of procedural and substantive Due Process of law, and fully violated Plaintiff's rights as protected under the First, Fourth, Fifth, Ninth, Thirteenth and Fourteenth Amendments to the Constitution for the United States of America.

### COUNT I.
### Quiet Title Of Personal Property Pursuant To 28 U.S.C. § 2410

7.  Plaintiff realleges all allegations stated above, and further alleges:

8.  On or about May 4, 2007 or soon thereafter, the Defendants the UNITED STATES, a Federal corporation; the INTERNAL REVENUE SERVICE, the DEPARTMENT OF THE TREASURY, the SOCIAL SECURITY ADMINISTRATION, AVANTA FEDERAL CREDIT UNION, TITLE 26 UNITED STATES CODE § 6331(a); EIGHTEEN THOUSAND DOLLARS OF FEDERAL RESERVE NOTES and JOHN DOES 1 through 5, inclusively, conspired with intent to deprive Plaintiff of his personal property, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws cause personal property to be seized valued in excess of $22,900.00 measured in Federal Reserve Notes (see **Exhibit C** and **Exhibit E** attached hereto and incorporated herein by reference).

9.  This action arises under the prima facie statutory authority of 26 U.S.C. § 6343 – Authority to release levy and return property and 28 U.S.C. § 2410 – Quiet Title, and jurisdiction is conferred upon this honorable court to determine quiet title of personal property under state law and federal Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

10. The named Defendants are in possession and control of personal property illegally seized from Plaintiff more particularly described as follows:

Twenty Two Thousand, Nine Hundred Dollars ($22,900.00) measured in Federal Reserve Notes issued by the Bureau of Engraving and Printing and the United States Mint;

11. The personal property described above is in actual possession of the Defendants.

12. Plaintiff Jay McKean is a sentient human being of flesh and blood past the age of majority and his labor is a property right and not a commodity or article of commerce to be taken without the benefit of just compensation.

13. The Defendant UNITED STATES is a for-profit Federal corporation established by an Act of Congress pursuant to 28 U.S.C. § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d) and regularly engages in commerce and doing business within and without the 50 United States.

14. The Defendant, the UNITED STATES aka UNITED STATES OF AMERICA, is a statutory citizen and a Federal corporation created by an Act of Congress.

15. Plaintiff is with evidence sufficient to establish and conclude that the Defendants do not have a procedurally valid statutory Notice of Levy for tax years 1999 through 2003, giving rise to the *taking* of personal property belonging Plaintiff.

16. Plaintiff is with evidence sufficient to establish and conclude that the Defendants failed to comply with the procedural requirements of 26 U.S.C. §§ 6212 and 6213, and never caused Notices of Deficiency to be served for tax years 1999 through 2003 that would give Plaintiff an opportunity to petition Tax Court prior to issuing the Notice of Levy.

17. Plaintiff contends that the Defendants have no valid administrative claim, and no authority to administratively levy Plaintiff's personal property, or otherwise encumber the title to the above referenced personal property belonging to Plaintiff.

18. The Defendants intentionally misled third parties and the public by the issuance of the Notice of Levy, withholding statutory section 26 U.S.C. § 6331(a), the section that discloses who is entitled to receive the Notice.

19. The Plaintiff contends that the Defendants have proceeded under color of law, causing the Notices of Levy to issue pursuant to 26 U.S.C. § 6331(a) for tax years 1999 through 2003, and Plaintiff is not a statutory person entitled to receive the Notices.

20. Under the Constitution for the United States of America and the internal revenue laws the Plaintiff enjoys deductions, exceptions, exclusions and exemptions on his human labor property to which he is fully entitled to be made whole for ***any loss sustained***, protected under the just compensation clause of the Fifth Amendment accessed by way of the Fourteenth Amendment cited at 26 U.S.C. §§ 1, 61, 63, 83, 165(a), 212, 1001, 1011, 1012 and 1341, et *al.*

21. The Defendants at all times have proceeded to take Plaintiff's personal human labor property by any means, be it illegal or unlawful, and without any intent to restore or allow the Plaintiff to restore the loss of his life and liberty sustained and the value thereof for such just compensation derived therefrom.

**22.** The misapplication of the internal revenue laws and procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

23.    The Defendants claim some interest adverse to the Plaintiff's in the personal property described above, but the Defendants' claim is without merit and the Defendants have no estate, title, claim, lien, or superior claim in the personal property, a product of the Plaintiff's labor or any portion thereof.

24. Plaintiff, having exhausted the administrative procedures and remedies prior to petitioning this Court, has no plain, speedy or adequate remedy at law.

**25.** As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. §§ 6212 and 6213(a) and their illegal conduct, the Plaintiff is entitled to a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.*, and the Defendants should be Ordered to issue a Certificate of Release of the administrative Notice of Levy in light of their collusive acts.

**COUNT II.**
**Defendants Are In Violation Of 26 U.S.C. § 6330(e)**

26. Plaintiff realleges all allegations stated above, and further alleges:

27. The action taken, and the IRS' failure to act in response to Plaintiff's request that they release the administrative Notice of Levy and unlawful detainer for calendar years 1999 through 2003.

28. The personal property unlawfully detained, seized and taken by Defendants in excess of TWENTY TWO THOUSAND NINE HUNDRED DOLLARS ($22,900.00) measured in private Federal Reserve Notes is compensation for contracted services extended by the Plaintiff in exchange, and he was made whole and restored for the fundamental value of his labor.

29. Although Plaintiff timely filed the Collection Appeal Request, and the appeals process had not come to fruition via a determination letter prior to issuance of the administrative Notice of Levy, Defendants issued the Notice of Levy under color of law on Plaintiff's personal property in violation of the Plaintiff's Fifth Amendment due process rights.

30. As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. §§ 6212 and 6213(a) and their illegal conduct, the Plaintiff is entitled to a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.*, and the Defendants should be Ordered to issue a Certificate of Release of the administrative Notices of Levy in light of their collusive acts.

## COUNT III.
### Violations Of Plaintiff's Rights Under The Due
### Process Clause Of The Fifth Amendment

31. Plaintiff realleges all allegations stated above, and further alleges:

32. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they release the non-judicial, administrative, inchoate Notice of Levy for calendar years 1999 through 2003 to remain in compliance with 26 U.S.C. § 6213(a).

33. Plaintiff is entitled to be issued a Notice of Deficiency for calendar years 1999 through 2003 – the prerequisite to a valid assessment and/or before any subsequent levy or lien on property may be made – giving Plaintiff the opportunity to dispute the alleged liability.

34. The Defendants failed to comply with 26 U.S.C. § 6213(a), which prohibits the issuance of a levy until such time a Notice of Deficiency has been issued to the Plaintiff.

35. As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. §§ 6212 and 6213(a) and their illegal conduct, the Plaintiff is entitled to a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.*, and the Defendants should be Ordered to issue a Certificate of Release of the administrative Notices of Levy in light of their collusive acts.

## COUNT IV.
### Plaintiff Filed An Administrative Claim For
### Damages That Was Denied By The Defendants

36. Plaintiff realleges all allegations stated above, and further alleges:

37. On or about May 1, 2007 or soon thereafter the Defendants caused an administrative non-judicial IRS Form 668-A(c) – Notice of Levy to issue demanding the amount of $19,084.86, belonging to the Plaintiff Jay McKean.

38. The actions taken, and the Defendants failure to act in response to Plaintiff's filed administrative claim that demanded the release of the administrative Notice of Levy for

calendar years 1999 through 2003 and then denied the same via a belated determination, is an exhaustion of the administrative remedy pursuant to 26 U.S.C. § 7433 *et seq*.

39. Plaintiff administratively petitioned the Defendants by serving his administrative claim and submitting evidence that the administrative Notice of Levy was out of compliance with the Due Process clause of the Fifth Amendment and, therefore, procedurally unenforceable (see Exhibit A attached hereto and incorporated herein by reference).

40. Contrary to evidence presented by the Plaintiff in his verified administrative claim, the Defendants responding in a letter dated July 11, 2007 by Jack T. Stoll, Team Manager, Appeals, collectively and collusively determined that the levy was appropriately issued and their actions were valid and not in violation of the internal revenue laws – in spite of the facts presented – and that the administrative inchoate levy would be sustained; and refused to issue a Release of Levy as demanded by the Plaintiff in his claim (see **Exhibit B** attached hereto and incorporated herein by reference).

41. As a result of the Defendants' refusal to comply with the substantive laws, Plaintiff's personal property in the amount exceeding $22,900.00 has been and is continuously being extorted and taken by the Defendants.

42. The Plaintiff has been damaged as a direct and proximate result of the Defendants' failure to release the procedurally unenforceable Notice of Levy pursuant to 26 U.S.C. § 6343, giving rise to a civil action pursuant to 26 U.S.C. § 7431, *et seq*., of the internal revenue laws. Plaintiff is entitled to actual and direct economic damages, plus interest and the cost of this action. Plaintiff has been damaged and is entitled to recover the loss sustained; and the Defendants should be Ordered to make Plaintiff whole and to pay or return to Plaintiff the total amount of personal property seized, statutory damages, plus interest.

## COUNT V.
### Violation Of Plaintiff's Rights Under The Just
### Compensation Clause Of The Fifth Amendment

43. Plaintiffs realleges all allegations stated above, and further alleges:

44. Plaintiff Jay McKean is at all times herein mentioned of the age of majority and is a sentient human being, conscious of mind and not a statutory person or creature of any legislative state or federal enactments.

45. Beginning on or about February 1, 2005 to present the Defendants have collusively and collectively and under color of law caused to be seized and taken an amount of in excess of $22,900.00, without just compensation and making the Plaintiff whole.

46. Plaintiff is entitled to be made whole under the Just Compensation Clause of the Fifth Amendment and under the internal revenue laws at 26 U.S.C. §§ 61, 83, 162, 165(a), 212, 1001, 1011, 1012 and 1341 for the calendar years 1999 through 2003.

47. The personal property extorted, seized and taken by Defendants under color of law in the amount exceeding $22,900.00 is for past contracted services extended by the Plaintiff and withheld by the Defendants – and remitted in exchange to make the Plaintiff whole and restore the fundamental value of his sweat equity and labor property.

48. The Defendants at all times intentionally ignored the deductions, exceptions, exemptions and exclusions the Plaintiff McKean is authorized to take under the internal revenue laws at 26 U.S.C. §§ 1, 61, 83, 162, 165(a), 212, 1001, 1011, 1012 and 1341 that Congress enacted to insure the Plaintiff would be made whole and justly compensated in the restoration of his labor property.

49. Plaintiff's award of the compensatory damages extorted, seized and taken by the Defendants were to "make whole" and intended to wholly compensate Plaintiff for the loss

sustained of his life and liberty for the production of said property – hence the loss of human capitol.

50. The Defendants' issuance of the non-judicial, administrative, inchoate Notice of Levy resulted in the seizure and taking of Plaintiff's personal property for public use without just compensation prior thereto and without restoring or allowing the Plaintiff to exercise the right of restoration of the loss sustained for the value thereof.

51. The *Takings Clause* of the Fifth Amendment provides that: *"No person shall . . . be deprived of life, liberty, or property . . . taken for public use, without just compensation."* Accordingly, the Defendants have seized and are taking Plaintiff's Labor Property <u>for public use</u> without making Plaintiff whole under the *Just Compensation Clause* of the Fifth Amendment.

52. The Defendants, in their collusive acts of extortion, have unjustly enriched their coffers, having seized and taken personal property for public use belonging to Plaintiff measured in United States Dollars (Federal Reserve Notes) in the amount exceeding $22,900.000; and evidence indicates they will continue to take Plaintiff's personal property by unlawful means under a false instrument for filing.

53. As a direct and proximate result of the Defendants' failure to make the plaintiff whole or allow the Plaintiff make himself whole in under the except as provided provision and in compliance with 26 U.S.C. §§ 1, 61, 83, 162, 165(a), 212, 1001, 1011, 1012 and 1341 *et al.*, of the internal revenue laws, the Plaintiff is entitled to a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.*, and the Defendants should be Ordered to issue a Certificate of Release of the administrative Notices of Levy in light of their collusive acts.

## COUNT VI.
### Defendants Seized Plaintiff's Personal Property Under Colorable Statutes At Title 26 U.SC. 6331, Violations Of Plaintiff's Rights Under The APA And The Bill Of Attainder Clause At Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1

54. Plaintiff realleges all allegations stated above, and further alleges:

55. The action taken, and the Defendants' failure to act in response to Plaintiff's request that they release the non-judicial, administrative, inchoate Notice of Levy issued pursuant to the internal revenue laws at 26 U.S.C. §§ 6331(a) and (e) for calendar years 1999 through 2003, is a final agency action under the APA.

56. The Defendants' Notice of Levy for calendar years 1999 through 2003 issued and accepted as a judicial writs of garnishment and/or attachment, resulting in the third party seizure and taking of Plaintiff's personal compensation for labor property without an order, decree or judgment, constitutes a bill of attainder at Article I, Section 9 Clause 3 and Article I, Section 10 Clause 1.

57. The Defendants caused personal property belonging to Plaintiff to be seized on Form 668-W(c) Notice of Levy, referencing Internal Revenue Code § 6331. The Defendants intentionally issued fictitious documents to third parties causing the seizure and theft of personal property belonging to Plaintiff under the authority of 26 U.S.C. § 6331(a) and implementing regulations at 26 CFR § 301.6331-1(4), which states in pertinent part:

> " . . . *Authority of Secretary … Levy maybe made upon the accrued salary or wages of any officer, or elected official of the United States, the District of Columbia or any agency or instrumentally of the United States or District of Columbia . . .*"

58. The Defendants employed the use of non-judicial Form 668-A(c) - Notice of Levy, citing the authority to extort, seize and take personal property administratively under 26 U.S.C. §§ 6331(a) and (b), as the instrument effectively: (1) identifies a specific person being the Plaintiff,

(2) imposed the punishment of taking Plaintiff's personal property through third party inducement, and (3) caused the seizure and taking of personal property in the amount exceeding $22,900.00 belonging to Plaintiff without a judicial trial.

59. The Defendants' Form 668-W(c) specifically cites Section 6331, which is an authority that lacks jurisdiction to cause a Fourth Amendment seizure of personal property belonging to the Plaintiff, as the language specifically identifies effected persons to include officers, employees or elected officials of the United States or the District of Columbia, or any agency or instrumentality thereof; and the Plaintiff is not now nor has he ever maintained such status.

60. The Plaintiff has been damaged as a direct and proximate result of the Defendants' issuance of a non-judicial administrative Notice of Levy in direct violation of Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1 to the Constitution for the United States of America; and the Plaintiff is entitled to a review of the assessment procedures pursuant to 26 U.S.C. § 7429 *et seq.* and the Defendants should be ordered to issue a Certificate of Release of the administrative Notices of Levy in light of their collusive acts.

## COUNT VII.
### Defendants' Seizure And Taking Of Plaintiff's Personal Property Administratively Is An Intentional Misapplication Of The Internal Revenue Laws

61. Plaintiff realleges all allegations stated above, and further alleges:

62. Prior to the issuance of the administrative non-judicial Notice of Levy served on the SOCIAL SECURITY ADMINISTRATION, the Plaintiff received monthly compensation which was taken from him during his work life under the "Federal Insurance Contribution Act" (FICA) and redistributed to Plaintiff as Old Age Survivor Compensation, which is not an entitlement or benefit.

63.    The Defendants caused personal property belonging to Plaintiff to be seized on Form 668-W(c) Notice of Levy, referencing Internal Revenue Code § 6331. The Defendants intentionally issued fictitious documents to third parties causing the seizure and theft of personal property belonging to Plaintiff under the authority of 26 U.S.C. § 6331(a) and implementing regulations at 26 CFR § 301.6331-1(4), which states in pertinent part:

> " . . . *Authority of Secretary* ... *Levy maybe made upon the accrued salary or wages of any officer, or elected official of the United States, the District of Columbia or any agency or instrumentally of the United States or District of Columbia . . .*"

64. The statutory construction, strictures and limitation clauses set out in 26 U.S.C. § 6331(a), *et seq.*, restricts the administrative non-judicial seizure and taking of personal property belonging to government employees and other officers of the United States, to which the Plaintiff is not a party, as there is no statutory scheme or evidence that the Defendants are authorized to enlarge the plain language of the statute under color of law and illegally impose such terms on the Plaintiff without jurisdiction.

65. The Defendants' seizure and taking of personal property from Plaintiff, a non-governmental employee, to the degree that said taking applies, should have been exercised under the Federal Debt Collection Procedure Act codified at 28 U.S.C. §§ 3001 through 3015, wherein they are authorized by this act of Congress to sue for and/or seek recovery of a debt allegedly due and owing the United States from foreign sources under these statutes.

66. The Plaintiff has been damaged as a direct and proximate result of the Defendants' issuance of a non-judicial administrative Notice in direct violation of Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1 to the Constitution for the United States of America; and the Plaintiff is entitled to a review of the assessment procedures pursuant to 26

U.S.C. § 7429, *et seq.*, and the Defendants should be Ordered to issue a Certificate of Release of the administrative Notices of Levy in light of their collusive acts.

## Conclusion And Demand For Remedy And Relief Sought

Plaintiff, having documented evidence of the unlawful acts of the Defendants individually and collectively, has suffered irreparable harm and damage to his reputation and livelihood; loss of Life, Liberty, and property; emotional distress; extreme oppression; fear; anxiety; and a multitude of health and financially related deprivations giving rise to Plaintiff filing this verified complaint, seeking damages as the only just and proper remedy. The acts, conduct and behavior of the Defendants, taken separately and as a whole, were performed knowingly, intentionally and maliciously, and Plaintiff is entitled to judgment.

**WHEREFORE**, the Plaintiff Jay McKean has been damaged by the actions and inactions of officers, employees and agents of the UNITED STATES, named Defendants and DOES 1 to 5, Inclusively, due to their individual and collective intentional, reckless, and willful disregard for the internal revenue laws and their issuance of the procedurally invalid instruments under color of law - Plaintiff prays for and is entitled to relief as follows:

(i)   The Plaintiff reserves the right to amend this Verified Complaint in the event the Plaintiff discovers unforeseen acts, information and evidence not presently known that give rise to a cause of action under the laws of the United States and by permission of the Court if necessary;

(ii)  The Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the Constitution for the United States of America;

(iii) Plaintiff reserves the right to amend this Verified Complaint in the event the Plaintiff discovers information and evidence not presently known to Plaintiff relevant to the facts and issues herein presented;

(iv) The Plaintiff seeks actual damages incurred and, therefore, moves this Court order the Defendants return of all personal property seized and taken belonging to Plaintiff in the amount totaling $22,900.00, plus interest as of the date of filing this Complaint.

(v) The Plaintiff seeks statutory damages incurred and, therefore, moves this Court order the Defendants pay treble damages in the amount totaling $68,700.00, plus interest as of the date of filing this Complaint.

(vi) The Plaintiff seeks statutory damages in an amount of $100,000.00 dollars for the Defendants' negligent and malicious acts under color of law and color of authority.

(vii) The Plaintiff seeks statutory damages in an amount of $1,000,000.00 dollars for the Defendants' intentional and willful acts under color of law and color of authority.

(viii) The Plaintiff seeks an Order from this Court commanding the Defendants to cease and desist the issuance of the procedurally invalid Notice of Levy for tax years 1999 through 2003 on all third parties holding personal property belonging to the Plaintiff.

(ix) Award Plaintiff declaratory relief, as appropriate;

(x) Award Plaintiff preliminary and permanent injunctive relief, as appropriate;

(xi) Order Defendants to pay Plaintiff pre-judgment and post-judgment interest, respectively;

(xii) Award Plaintiff relief pursuant to the Equal Access to Justice Act, including but not limited to, an award of reasonable statutory attorneys fees and costs; and

(xiii) Any other remedy at law and in equity this Court deems just and proper.

## JURY TRIAL DEMANDED

Respectfully Submitted.

## VERIFICATION

I, Jay McKean, declare under penalty of perjury that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

On this _4_ day of _Dec_, 2007

_Jay McKean_
Jay McKean, Plaintiff
c/o 164 West Bench Road
Roberts, Montana [59070]
Phone: 406.446.1789

## NOTARY ACKNOWLEDGMENT

State of Montana          )
                          ) ss
County of _Carbon_        )

On this _4_ day, of _December_, 2007 Jay McKean personally appeared, is personally known to me, or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument.

Witness my hand and official seal.



(Seal)

_Pamela J Wagner_
Signature of Notary

My Commission Expires: _August 30, 2010_

PAMELA J. WAGNER
NOTARY PUBLIC for the State of Montana
Residing at Red Lodge, Montana
My Commission Expires August 30, 2010

**ATTACHMENTS:**

**Exhibit A:** Plaintiff's Administrative Claim Filed With Form 9423 (22 pages)

**Exhibit B:**  Team Manager JACK T. ESTOLL'S Denial of Administrative Claim (1 page)

**Exhibit C:**  AVANTA'S letter referencing Notice of Levy received with Form 668-A(c) (2 pages)

**Exhibit D:**  Social Security's letter referencing Notice of Levy received (2 pages)

**Exhibit E:**  Levy Payment Summaries 01/03/05 through 01/03/07 (25 pages)

/ / /

/ / /

/ / /

F
07-2202
ESH

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I.(a) PLAINTIFFS

Jay C. McKean

$8 8 8 8 8$

## DEFENDANTS

United States, Internal Revenue Service, Dept of the Treasury, Social Security Administration, Avanta Fed'l C.U., Title 26 USC § 6331(a), Eighteen Thousand Dollars of Federal Reserve Notes, and John Does 1 through 5

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Carbon County
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jay C. McKean, in pro se    (406) 446-1789
c/o 164 West Bench Road
Roberts, Montana [59070]

Case: 1:07-cv-02202
Assigned To : Huvelle, Ellen S.
Assign. Date : 12/6/2007
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff
O 3 Federal Question (U.S. Government Not a Party)
⊗ 2 U.S. Government Defendant
⊗ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | ⬤ 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### O A. Antitrust
☐ 410 Antitrust

### O B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### O C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### O D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### O E. General Civil (Other)          OR          ⊙ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

6

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting & Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-Employment<br>☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment & Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ **1** Original Proceeding  ○ **2** Removed from State Court  ○ **3** Remanded from Appellate Court  ○ **4** Reinstated or Reopened  ○ **5** Transferred from another district (specify)  ○ **6** Multi district Litigation  ○ **7** Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violations of APA at 5 U.S.C. §§ 701-706; 26 U.S.C. §7433 et seq.; 29 U.S.C 2410; I, IV, V, XIV and XVI Constitutional Amendments

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 1191600.00 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☒  NO ☐ |

**VIII. RELATED CASE(S) IF ANY**  N.f   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE *Dec 4 2007*   SIGNATURE OF ATTORNEY OF RECORD *Jay C. McKean*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.