IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY C. MCKEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-02202 |
| ) | Judge Ellen S. Huvelle |
| UNITED STATES, a Federal corporation; ) | |
| INTERNAL REVENUE SERVICE, ) | |
| DEPARTMENT OF THE TREASURY, ) | |
| SOCIAL SECURITY ADMINISTRATION, | |
| AVANT Federal Credit Union, Title 26 UNITED ) | |
| STATES CODE §6331(a); EIGHTEEN ) | |
| THOUSAND DOLLARS OF FEDERAL ) | |
| RESERVE NOTES and JOHN DOE 1 through 5, ) | |
| inclusively ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT AVANTA FEDERAL CREDIT UNION'S
MOTION TO DISMISS**

Defendant Avanta Federal Credit Union ("the credit union") moves to dismiss plaintiff's complaint. The credit union's motion should be granted for three reasons. First, plaintiff cannot state a claim against the credit union because pursuant to section 6332(e) of the Internal Revenue Code, the credit union is immune from liability to plaintiff for responding to an Internal Revenue Service ("IRS") notice of levy. Second, plaintiff's constitutional claims fail as a matter of law because the credit union is not a governmental entity. Finally, the credit union had nothing to do with the IRS administrative proceedings underlying plaintiff's claims.

1

        Respectfully submitted,


          /s/ Kirsten E. Keating
        F. Joseph Nealon (218966)
        Kirsten E. Keating (453500)
        Ballard Spahr Andrews & Ingersoll, LLP
        Suite 1000 South
        601 13th Street, N.W.
        Washington, D.C. 20005-3807
        Telephone: (202) 661-2283
        Facsimile: (202) 626-9018
        e-mail: nealon@ballardspahr.com
        e-mail: keating@ballardspahr.com

Dated: January 8, 2008        COUNSEL FOR DEFENDANT, AVANTA
          FEDERAL CREDIT UNION

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY C. MCKEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-02202 |
| ) | Judge Ellen S. Huvelle |
| UNITED STATES, a Federal corporation; ) | |
| INTERNAL REVENUE SERVICE, ) | |
| DEPARTMENT OF THE TREASURY, ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| AVANT Federal Credit Union, Title 26 UNITED ) | |
| STATES CODE §6331(a); EIGHTEEN ) | |
| THOUSAND DOLLARS OF FEDERAL ) | |
| RESERVE NOTES and JOHN DOE 1 through 5, ) | |
| inclusively ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
AVANTA FEDERAL CREDIT UNION'S MOTION TO DISMISS**

Defendant Avanta Federal Credit Union ("the credit union") respectfully requests that this Court dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

**I.   BACKGROUND**

The credit union is a federally chartered financial institution. Plaintiff Jay C. McKean is a member of the credit union and in May 2007, had $12,660.39 combined in his accounts at the credit union. *See* complaint, Exhibit C.

On or about May 1, 2007, the credit union received a notice of levy from the Department of Treasury/Internal Revenue Service ("IRS") against plaintiff's accounts in the amount of $19,084.86. *Id.* The credit union determined that the available balance in plaintiff's membership

1

share account was $.02 and the balance in his checking account was $12,660.37. *Id*. On May 4, 2007, the credit union notified plaintiff that his funds had been levied:

> This letter is to advise you that we are in receipt of a "Notice of Levy" from the Department of Treasury, Internal Revenue Service. Upon receipt of the notice, the available balance in your SI membership account was $.02 and the balance in you (sic) S54 checking account was $12660.37. These amounts combined total was $12660.39.
>
> The writ has been honored and the current available balance in your SI membership account & S54 checking account is now $0.00. . . .

*Id.*

On May 11, 2007, plaintiff filed an appeal of the notice of levy with the IRS seeking return of the funds that were taken pursuant to the notice of levy. *See* complaint, at ¶2, Exhibit A. The IRS determined that the levy was appropriately issued and notified plaintiff of its determination by letter dated July 11, 2007. *See* complaint, at ¶2, Exhibit B.

Plaintiff filed the present lawsuit on December 6, 2007 naming as defendants the United States, the Internal Revenue Service, the Department of Treasury, the Social Security Administration, the credit union, "Title 26 United States Code §6331(a)," "Eighteen Thousand Dollars of Federal Reserve Notes," and John Does 1 through 5. Plaintiff alleges that the IRS levy is invalid and asserts the following claims against all defendants: Count I - Quiet title of personal property pursuant to 28 U.S.C. §2410; Count II - Violation of 26 U.S.C. §6330(e); Count III - Violations of plaintiff's rights under the due process clause of the Fifth Amendment; Count IV - Plaintiff filed an administrative claim for damages that was denied by defendants; Count V - Violation of plaintiff's rights under the just compensation clause of the Fifth Amendment; Count VI - Defendants seized plaintiff's personal property under colorable statutes at title 26 U.S.C. 6331, violations of plaintiff's rights under the APA and the Bill of Attainder

clause at Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1; and Count VII - Defendants' seizure and taking of plaintiff's personal property administratively is an intentional misapplication of the internal revenue laws.

As set forth below, plaintiff fails to state a claim against the credit union and, therefore, all claims against the credit union should be dismissed with prejudice.

## II.  PLAINTIFF CANNOT STATE A CLAIM AGAINST THE CREDIT UNION

### A.  The Credit Union is Immune from Any Liability Arising from its Compliance with the IRS Notice of Levy

Counts I, II, VI, and VII of the complaint each allege violations of the Internal Revenue Code's provisions for the seizure of property for collection of taxes, 28 U.S.C. §§6330, *et seq.* Specifically, in count I of his complaint, plaintiff seeks to quiet title of his personal property pursuant to 28 U.S.C. §2410 on the grounds that the notice of levy for tax years 1999 through 2003 is invalid. *See* complaint, at ¶¶15-17. Counts II, VI, and VII each allege violations of the Internal Revenue Code. *See* complaint, at ¶¶26-30, 54-60, and 61-66. Count II of the complaint is titled "Defendants Are In Violation of 26 U.S.C. §6330(e)." *See* complaint, at ¶¶26-30. Count VI asserts violations of section 6331 of the Internal Revenue Code, and count VII alleges that the seizure of his personal property is a misapplication of the Internal Revenue laws. *See* complaint, at ¶¶ 54-64.

Plaintiff, however, cannot state a claim against the credit union because the credit union is immune from liability to plaintiff for its compliance with any IRS notice of levy. Section 6332(e) of the Internal Revenue Code provides:

> **(e) Effect of honoring levy.--** Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property . . . to the Secretary . . . shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such

3

> property or rights to property arising from such surrender or
> payment.

26 U.S.C. §6332(e) (2002).

The credit union had no choice but to levy the funds plaintiff held in his accounts with the credit union. It is well established that a third party in possession of property upon which a levy has been issued is required to surrender the property to the IRS. Section 6332(a) of the Internal Revenue Code provides:

> Any person in possession of property or rights to property subject
> to levy upon which levy has been made shall, upon demand of the
> Secretary, surrender such property or rights . . . to the Secretary,
> except such part of the property or rights as is, at the time of such
> demand, subject to an attachment or execution under any judicial
> process."

28 U.S.C. §6332(a). As the U.S. Supreme Court explained in *U.S. v. National Bank of Commerce*:

> A bank served with an IRS notice of levy has only two defenses
> for a failure to comply with a demand. One defense is that the
> bank, in the words of 6332(a), is neither in possession of, nor
> obligated with respect to property or rights to property belonging
> to the delinquent taxpayer. The other defense, again with reference
> to 6332(a), is that the taxpayer's property is subject to a prior
> judicial attachment or execution."

472 U.S. 713, 722 (1985). Accordingly, plaintiff cannot state a claim against the credit union with respect to its response to the IRS levy. As such, counts I, II, VI and VII should be dismissed with prejudice.

    **B.**    **Plaintiff's Constitutional Claims Against the Credit Union Fail as a Matter of Law.**

Plaintiff asserts claims under the Fifth Amendment of the U.S. Constitution in counts III and V of his complaint. Specifically, in count III, plaintiff alleges that "Defendants failed to comply with 26 U.S.C. §6213(a), which prohibits the issuance of a levy until such time (sic) a

4

Notice of Deficiency has been issued to plaintiff" and that such conduct constitutes a violation of the due process clause of the Fifth Amendment. *See* complaint, at ¶¶ 31-24. In count V, plaintiff asserts that defendants violated his rights under the just compensation clause of the Fifth Amendment and alleges that "Defendants' issuance of the non-judicial, administrative, inchoate Notice of Levy resulted in the seizure and taking of Plaintiff's personal property for public use without just compensation . . . ." *Id.* at ¶¶43-53. Plaintiff's claims against the credit union fail.

First, to the extent that plaintiff's constitutional claims against the credit union arise out of its compliance with the May 1, 2007 notice of levy, as discussed above, the credit union is immune from liability to plaintiff and had no choice but to levy plaintiff's funds.

Second, the due process clause and just compensation clauses of the Fifth Amendment protect individuals from certain governmental action. The credit union is not a governmental entity. Plaintiff, therefore, cannot state a claim for any constitutional violations against the credit union. *See Heiskala v. Johnson Space Center Federal Credit Union*, 474 F.Supp. 448 (D.Tex. 1979) (constitutional requirements do not apply to federal credit unions). Accordingly, counts III and V should be dismissed with prejudice.

  C. <u>**Count IV of the Complaint Fails to State a Claim.**</u>

In count IV of the complaint, plaintiff challenges the denial of his administrative claim demanding the release of the administrative notice of levy for calendar years 1999 through 2003. Plaintiff alleges that he filed an administrative claim and submitted evidence that the notice of levy was procedurally unenforceable. *See* complaint, at ¶39. Plaintiff's administrative claim, however, was filed with and ruled upon by the IRS. *See* complaint, Exhibit B. The credit union was not a party to such proceedings. *Id.* Plaintiff, therefore, cannot state a claim against the credit union with regard to his administrative claim, and count IV should be dismissed with prejudice

5

Respectfully submitted,

     /s/ Kirsten E. Keating
F. Joseph Nealon (218966)
Kirsten E. Keating (453500)
Ballard Spahr Andrews & Ingersoll, LLP
Suite 1000 South
601 13th Street, N.W.
Washington, D.C. 20005-3807
Telephone: (202) 661-2283
Facsimile: (202) 626-9018
e-mail: nealon@ballardspahr.com
e-mail: keating@ballardspahr.com

Dated: January 8, 2008

COUNSEL FOR DEFENDANT, AVANTA FEDERAL CREDIT UNION

CERTIFICATE OF SERVICE

    I hereby certify that a copy of defendant's motion to dismiss was served via first class mail, postage prepaid, on this 8th day of January 2008 to the following:

    Jay C. McKean
    c/o 164 West Bench Road
    Roberts, Montana  59070

    Plaintiff, *Pro Se*


    /s/ Kirsten E. Keating
    Kirsten E. Keating

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY C. MCKEAN,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES, a Federal corporation;<br>INTERNAL REVENUE SERVICE,<br>DEPARTMENT OF THE TREASURY,<br>SOCIAL SECURITY ADMINISTRATION,<br>AVANT Federal Credit Union, Title 26 UNITED<br>STATES CODE §6331(a); EIGHTEEN<br>THOUSAND DOLLARS OF FEDERAL<br>RESERVE NOTES and JOHN DOE 1 through 5,<br>inclusively<br><br>       Defendants. | Case No. 1:07-CV-02202<br>Judge Ellen S. Huvelle |

## **PROPOSED ORDER**

Upon consideration of the defendant Avanta Federal Credit Union's motion to dismiss, any opposition thereto, and the record in this case, it is this __ day of _____, 2008

ORDERED that defendant Avanta Federal Credit Union's motion to dismiss is hereby GRANTED; and it is further,

ORDERED that plaintiff's complaint against Avanta Federal Credit Union is hereby DISMISSED with prejudice.

 

_____
Honorable Judge Ellen S. Huvelle

Date:_____

DMEAST #9954524 v1

cc: F. Joseph Nealon
    Kirsten E. Keating
    Ballard Spahr Andrews & Ingersoll, LLP
    601 13th Street, N.W., Suite 1000 South
    Washington, D.C. 20005-3807

    Jay C. McKean
    c/o 164 West Bench Road
    Roberts, Montana 59070