IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAY C. MCKEAN,                                      ) | |
|                    Plaintiff,   ) | |
|              v.     ) | Case No. 1:07-CV-02202 |
|                            ) | Judge Ellen S. Huvelle |
| UNITED STATES, a Federal corporation; INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY, SOCIAL SECURITY ADMINISTRATION, AVANTA Federal Credit Union, Title 26 UNITED STATES CODE §6331(a); EIGHTEEN THOUSAND DOLLARS OF FEDERAL RESERVE NOTES and JOHN DOE 1 through 5, inclusively   ) | |
|                    Defendants.   ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
AVANTA FEDERAL CREDIT UNION'S MOTION TO DISMISS**

Plaintiff Jay C. McKean's opposition to defendant Avanta Federal Credit Union's ("the credit union") motion to dismiss fails. First, plaintiff's assertion that section 6332(e) of the Internal Revenue Code "merely protects the credit union from being held liable by the IRS" is wrong. Opposition at ¶4. Section 6332(e) explicitly provides that "any person in possession of . . . property rights to property subject to levy upon which a levy has been made who . . . surrenders such property . . . <u>shall be discharged from any obligation of liability to the delinquent taxpayer and any other person</u> with respect to such property . . . ." 26 U.S.C. §6332(e) (2002). (Emphasis added). Plaintiff is the delinquent taxpayer. The credit union, therefore, is immune from liability to plaintiff for responding to the Internal Revenue Service ("IRS") notice of levy.

1

Second, it is well established that the due process clause and just compensation clauses of the Fifth Amendment protect individuals from governmental action. Despite plaintiff's assertion that the credit union acted "as if [it] were an employee of the INTERNAL REVENUE SERVICE," the credit union is not a governmental entity. Plaintiff, therefore, cannot state a claim for any constitutional violations against the credit union.

Finally, as explained in the credit union's motion, count IV of plaintiff's complaint fails to state a claim against the credit union. Significantly, plaintiff does not contest that the credit union was not a party to the IRS proceedings underlying his claims. Rather, plaintiff argues that the credit union acted like a government agent when it seized his funds and that his "entire complaint should not be dismissed because Counsel for Defendant AVANTA requests it." Opposition at ¶14. Contrary to plaintiff's assertion, the credit union did not act like a government agent when it seized plaintiff's funds. The credit union simply complied with the notice of levy it received from the Department of Treasury/IRS. Moreover, the credit union's motion seeks dismissal only of the claims plaintiff asserts against it, not claims asserted against other defendants. *See* motion to dismiss at p. 3. Accordingly, the credit union's motion to dismiss should be granted and plaintiff's complaint should be dismissed with prejudice.

    Respectfully submitted,

    /s/ Kirsten E. Keating
F. Joseph Nealon (218966)
Kirsten E. Keating (453500)
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W., Suite 1000 South
Washington, D.C. 20005-3807
(202) 661-2283/(Fax) 661-2299
e-mail: nealon@ballardspahr.com
e-mail: keating@ballardspahr.com

Dated: February 5, 2008

COUNSEL FOR DEFENDANT, AVANTA FEDERAL CREDIT UNION

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of defendant's motion to dismiss was served via first class mail, postage prepaid, on this 5th day of February 2008 to the following:

> Jay C. McKean
> c/o 164 West Bench Road
> Roberts, Montana  59070
>
> Plaintiff, *Pro Se*

                                          /s/ Kirsten E. Keating
                                          Kirsten E. Keating