RECEIVED
JAN 3 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jay C. McKean, | ) |
|         Plaintiff, | ) Case No. 1:07-cv-02202-ESH |
| vs. | ) PLAINTIFF'S RESPONSE TO |
| | ) DEFENDANT AVANTA FEDERAL |
| UNITED STATES, ET AL., | ) CREDIT UNION'S MOTION TO DISMISS |
|         Defendants. | ) |

COMES NOW, Jay C. McKean, Plaintiff, proceeding on his own behalf and moving this Court deny Defendant AVANTA FEDERAL CREDIT UNION'S Motion to Dismiss as a matter of fact and law. Plaintiff includes evidence sufficient to establish that this Honorable Court has both subject matter and in personam jurisdiction over all verified claims cited by the Plaintiff, if the Court takes into consideration the entire record. "*. . . the court must consider the entire record in the action, not just those pieces of evidence that have been singled out for attention by the parties.*" See *Clinkscales v. Chevron USA, Inc.*, 831 F.2d 1565, 1570 (11th Cir. 1987). "*The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government.*" See *Chambers v. Baltimore & Ohio Railroad*, 207 U.S. 1487.

**MEMORANDUM OF LAW AND BRIEF IN SUPPORT**

**I.
Plaintiff Cited Jurisdiction On Multiple Grounds Based
On Multiple Violations Committed By Multiple Defendants**

1. The Defendants the UNITED STATES, the INTERNAL REVENUE SERVICE, the DEPARTMENT OF THE TREASURY, the SOCIAL SECURITY ADMINISTRATION, and

AVANTA FEDERAL CREDIT UNION, individually and collectively, participated in causing damage and harm to Plaintiff Jay C. McKean's person and property; and Plaintiff has enjoined all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

2. The Plaintiff filed the Verified Complaint on multiple jurisdictional grounds in a good faith attempt to raise all related substantive violations committed by the INTERNAL REVENUE SERVICE under one umbrella. "*. . . if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims.*" See <u>Leham v. Revolution Portfolio LLC</u>, 166 F.3d 389, 394, (1st Cir. 1999). "*. . . Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue . . .*" (<u>Sinclair v. Soniform, Inc.</u>, 935 F.2d 599 (3d Cir. 1991)).

3. Unlike the Defendants, the Plaintiff is not supported by the human resources of taxpayers and does not have unlimited time or financial means in which to file countless actions in an attempt to remedy all wrongful and malicious acts committed against him by the Defendants and, therefore, enjoined their acts under a single cause of action for which this Court has jurisdiction. Furthermore, nowhere does the Federal Judicial Code or the Federal Rules of Civil Procedure prohibit Plaintiff from filing this action, properly citing multiple jurisdictional grounds wherein the nature of all claims are able to be heard in this Court; and Defendants cannot produce any evidence to the contrary. The Plaintiff well knew that multiple jurisdiction claims were necessary to cede the Court's jurisdiction as ruled in <u>Murphy v. United States</u>, 05-5139 (D.C. Cir. 2006).

## II.
## Plaintiff Stated A Claim Against Avanta Federal Credit Union

4. Counsel for AVANTA FEDERAL CREDIT UNION (hereinafter referred to as "AVANTA") moves to dismiss for three reasons, the first of which is found on page 1 on the motion and on pages 3 and 4 of the memorandum: *"First, plaintiff cannot state a claim against the credit union because pursuant to section 6332(e) of the Internal Revenue Code, the credit union is immune from liability to plaintiff for responding to an Internal Revenue Service ("IRS") notice of levy".* To the contrary, the Defendant's statutory immunity cited in the Code merely protects the Defendant from being held liable by the IRS, it does not protect AVANTA from being held liable by the Plaintiff, who has been injured by their acts as a fiduciary, which is a separate and collateral issue.

5. This violation manifested when the Defendant AVANTA FEDERAL CREDIT UNION admits by not denying on page 1 at ¶ 1 and page 3 ¶ 3 of their memorandum that they immediately complied with the IRS levy and released Plaintiff's personal property to the IRS.

6. As stated in the complaint on page 11 ¶ 3 that: "On or about May 4, 2007, Plaintiff received correspondence from AVANTA, Federal Credit Union's call center Specialist SHERRY LOWELL, explaining that, because of the IRS Levy, they seized $12,660.39 Plaintiff's personal property and transferred it to the IRS (see **Exhibit C** attached hereto and incorporated herein by reference)."

7. Defendant AVANTA released Plaintiff's personal property to the IRS, ignoring Plaintiff's Right of Due Process, not even notifying Plaintiff *before* they released the funds, which would have given him a chance to stop the levy. AVANTA's conduct severely damaged Plaintiff, giving rise to the Plaintiff naming AVANTA FEDERAL CREDIT UNION as a party Defendant.

8. Therefore, this Court should deny AVANTA'S motion to dismiss and compel the Defendant AVANTA to answer the Verified Complaint as the only just and proper remedy.

### III.
### A Private Person Whose Conduct Is Allegedly Instigated And Directed By Federal Officers Should Be Treated As A Federal Agent

9. Counsel for AVANTA states his second reason for dismissal on page 1 of his motion: *"Second, plaintiff's constitutional claims fail as a matter of law because the credit union is not a governmental entity."* The issue of whether ADVANTA is not a government entity has no relevance in this case. It is axiomatic that when ***"a private person whose conduct is allegedly instigated and directed by federal officers should be treated as a federal agent"*** as stated in <u>Schowengerdt v. Generaly Cynamics Corp.</u>, 823 F.2d 1328, 1338 (9th Cir. 1987), further establishing:

> In <u>Ginn v. Mathews</u>, 533 F.2d 477 (9th Cir. 1976) established in this circuit that the private status of the defendant will not serve to defeat a *Bivens* claim, provided that the defendant engaged in federal action.
>
> Other circuits are in accord. A divided panel of the D.C. Circuit recently held that "private status . . .[,] even if deemed a special factor, is not alone sufficient to counsel hesitation in implying a damages remedy w***hen the private party defendants jointly participate with the government to a sufficient extent to be characterized as federal actors. . . .***" <u>Reuber v. United States</u>, 750 F.2d 1039, 1058 (D.C.Cir. 1984)(opinion of Wald, J.); *id* at 1063 (Bork, J., concurring in part)(stating that "***a private person whose conduct is allegedly instigated and directed by federal officers should be treated as a federal agent***" and "be subject to *Bivens* liability"). The Fifth and Sixth Circuits are in accord. *See* <u>Dobyns v. E-Systems, Inc.</u>, 667 F.2d 1219 (5th Cir. 1982); <u>Yiamouyiannis v. Chemical Abstracts Serv.</u>, 521 F.2d 1392 (6th Cir. 1975)(per curiam).[fn16]

10. The very instant employees of AVANTA FEDERAL CREDIT UNION received the Levy dated May 1, 2007, instead of acting as a private actor on behalf of their client Jay C. McKean, they acted as a federal agent and immediately turned over Plaintiff's personal property even before they informed Plaintiff of the levy, which would have given the Plaintiff an

opportunity to exercise his right to stop the levy via a bankruptcy or other judicial process – resulting in the violation of the Plaintiff's Due Process Rights.

11. Counsel's attempt to qualify the acts of AVANTA FEDERAL CREDIT UNION is fatal and without merit, as AVANTA was acting in concert with the IRS Agents, in that immediately upon service of the levy, it turned over the Plaintiff's personal property to the IRS, as if AVANTA were an employee of the INTERNAL REVENUE SERVICE instead of an entity with a fiduciary duty to its clients. Therefore, the Court must deny AVANTA'S Motion to Dismiss the Complaint.

## IV.
### Count IV Of The Complaint States A Claim

12. Counsel for AVANTA states on page 1 of his motion: ***"Finally, the credit union had noting to do with the IRS Administrative proceedings underlying plaintiff's claims."*** and continues on page 5 item C asserting that the Plaintiff's administrative claim was filed with and ruled upon by the IRS and the credit union was not a party to such proceedings: facts that have no relevance to the Defendants release of $12,660.39 to the possession of the IRS without allowing the Plaintiff to exercise his due process rights to stop such a release.

13. Defendant is moving to dismiss Plaintiff's entire Verified Complaint, as if AVANTA was the only Defendant named in this action and is requesting – not that AVANTA be dismissed in the complaint – but is stating that Counts I, II, III, IV, V, VI and VII should be dismissed with prejudice (see memorandum page 4, section A; and on page 5 at sections B and C). To Plaintiff's knowledge, Counsel is not employed by the Defendants UNITED STATES, DEPARTMENT OF THE TREASURY or the INTERNAL REVENUE SERVICE, or any other parties named within the suit, save ADVANTA, and has not been authorized to act on their behalf in seeking the disposal of this action *in toto*.

14. As previously stated, Plaintiff Jay C. McKean has been damaged by Defendant AVANTA (as asserted in his Verified Complaint and hereinabove) by seizing $12,660.39 of Plaintiff's personal property without notifying Plaintiff, allowing him the choice to exercise the due process rights to stop time to stop the non-judicial administrative levy. AVANTA had a fiduciary duty to the Plaintiff, and instead AVANTA immediately seized Plaintiff's funds, acting not like a fiduciary, but like a government agent. Moreover, Plaintiff's entire complaint should not be dismissed because Counsel for Defendant AVANTA requests it, therefore this motion to dismiss must be denied.

**WHEREFORE:** In the interest of justice and considering the entire record, Plaintiff Jay C. McKean moves this Honorable Court to deny Defendant AVANTA FEDERAL CREDIT UNION'S Motion to Dismiss Plaintiff's Complaint and Order Defendant to answer the Verified Complaint as the only just and proper remedy.

Respectfully submitted.

### VERIFICATION

I Jay C. McKean declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that the foregoing is true and correct to the best of my knowledge, understanding and belief. All Rights retained without recourse.

On this 29 day of JANUARY 2008

                                                      Jay McKean, Plaintiff
                                                      c/o 164 West Bench Road
                                                      Roberts, Montana [59070]
                                                      Phone: 406.446.1789

## CERTIFICATE OF SERVICE

I, <u>Jay McKean</u>, certify that on January 29, 2008, I served by way of the United States Postal Service via First Class mail a copy of the above Plaintiff's Response to Defendant AVANTA FEDERAL CREDIT UNION's Motion To Dismiss on the following parties:

F. Joseph Nealon
Kirsten E. Keating
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, NW
Suite 1000 South
Washington, D.C. 20005

Certified Mail: <u>7007 0220 0000 2023 1662</u>

_____
Jay McKean

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jay C. McKean,           )
                         )
         Plaintiff,      )    Case No. 1:07-cv-02202-ESH
                         )
vs.                      )
                         )    [PROPOSED] ORDER
UNITED STATES, ET AL.,   )
                         )
         Defendants.     )
                         )

Having considered the Plaintiffs' Response to Defendant AVANTA FEDERAL CREDIT UNION'S Motion to Dismiss, and any opposition thereto, the Court concludes that the AVANTA FEDERAL CREDIT UNION'S Motion to Dismiss should be denied. Accordingly, it is this ____ day of _____ 2008

**ORDERED** that Defendant AVANTA FEDERAL CREDIT UNION'S Motion to Dismiss be and is **DENIED**; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

F. Joseph Nealon
Kirsten E. Keating
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, NW
Suite 1000 South
Washington, D.C. 20005

Jay McKean
c/o 164 West Bench Road
Roberts, Montana [59070]