RECEIVED

MAR 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jay McKean, a sentient human being, ) | |
| ) | Civil No. 1:07-CV-02202-ESH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MANDATORY JUDICIAL NOTICE** |
| ) | **OF THE 110TH CONGRESS' H.R. 25** |
| UNITED STATES, et al., ) | **"FAIR TAX ACT OF 2007"** |
| ) | |
| Defendants. ) | Fed.R.Evid. 201(d) and 902(1) |
| ) | |

**MANDATORY JUDICIAL NOTICE IS HEREBY GIVEN:** that Plaintiff Jay McKean has discovered new intrinsic evidence that the United States Congress has provisioned to repeal the income tax and abolish the Internal Revenue Service and hereby submits into evidence this 110TH CONGRESS – 1ST SESSION'S H.R. 25 "Fair Tax Act of 2007," a Bill which begins its language in pertinent part: ***"To promote freedom, fairness, and economic opportunity by repealing the income tax and other taxes, abolishing the Internal Revenue Service, and enacting a national sales tax to be administered primarily by the States."*** which is now before the U.S. Senate. H.R. 25 can also be found at: www.govtrack.us, a United States Government website that tracks the status of legislative acts and bills pending in Congress. (See **Exhibit A** attached hereto and incorporated herein by reference.)

It can be reasoned that any man or woman of average intelligence would surmise that the introduction of this H.R. 25 Bill, by its very terms, is documentary evidence that conclusively establishes the facts, that the Internal Revenue Service and the existing tax laws are oppressive, unfair, incoherent, incomprehensive, counterproductive, burdensome, void for vagueness and

must be abolished – as admitted and demanded by the United States Congress. Thus, it is reasonable to assert that those members of the United States Congress, who introduced this Bill in opposition to the terrorist enforcement policies, positions, and customs employed by the Internal Revenue Service in the administration of the internal revenue laws, are guilty of being "Tax Protesters," as defined by the Service.

**WHEREFORE,** this Court is hereby NOTICED accordingly, that the following attached H.R. 25 Bill is submitted pursuant to Federal Rules of Evidence 201(d) and 902(1).

Respectfully Submitted.

### VERIFICATION

I, Jay McKean, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), and under the laws of the United States of America that I believe the above to be true and correct to the best of my knowledge, understanding and belief. All Rights retained without recourse.

On this 26 day of March 2008

*Jay McKean*
Jay McKean, Plaintiff
c/o 164 West Bench Road
Roberts Montana [59070]
(406) 446-1789

**ATTACHMENTS:**

**Exhibit A:**   H.R. 25 – "Fair Tax Act of 2007" ( pages 1 through 10)

## CERTIFICATE OF SERVICE

I, Jay McKean, hereby certify that on March 26, 2008, I served a true and correct copy of the above Mandatory Judicial Notice of H.R. "Fair Tax Act of 2007" with Exhibit A by Certified Mail, postage fully prepaid and addressed as follows:

Kirsten E. Keating
Ballard Spahr Andrews & Ingersoll LLP
601 13th Street, NW
Suite 1000 South
Washington, D.C. 20005
Certified Mail: 7603 1680 0004 2034 2882

Jay McKean<br>
Jay Mckean

**EXHIBIT A:**
H.R. 25 – "Fair Tax Act of 2007," pages 1 through 10
(10 pages)

I

110TH CONGRESS
1ST SESSION **H. R. 25**

To promote freedom, fairness, and economic opportunity by repealing the income tax and other taxes, abolishing the Internal Revenue Service, and enacting a national sales tax to be administered primarily by the States.

---

## IN THE HOUSE OF REPRESENTATIVES

JANUARY 4, 2007

Mr. LINDER (for himself, Mr. BOREN, Mrs. MYRICK, Mr. MCCAUL of Texas, Mr. WESTMORELAND, Mr. CULBERSON, Mr. MILLER of Florida, Mr. PENCE, Mr. CONAWAY, Mr. CRENSHAW, Mr. NORWOOD, Mr. FEENEY, Mr. DEAL of Georgia, Mr. PRICE of Georgia, Mr. POE, Mrs. JO ANN DAVIS of Virginia, Mr. TANCREDO, Mr. BACHUS, Mr. GOODE, Ms. GRANGER, Mr. PEARCE, Mr. BRADY of Texas, Mr. NEUGEBAUER, Mr. BURTON of Indiana, and Mr. STEARNS) introduced the following bill; which was referred to the Committee on Ways and Means

---

# A BILL

To promote freedom, fairness, and economic opportunity by repealing the income tax and other taxes, abolishing the Internal Revenue Service, and enacting a national sales tax to be administered primarily by the States.

1   *Be it enacted by the Senate and House of Representa-*
2   *tives of the United States of America in Congress assembled,*
3   **SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**
4       (a) SHORT TITLE.—This Act may be cited as the
5   "Fair Tax Act of 2007".

2

(b) TABLE OF CONTENTS.—The table of contents for this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Congressional findings.

TITLE I—REPEAL OF THE INCOME TAX, PAYROLL TAXES, AND ESTATE AND GIFT TAXES

Sec. 101. Income taxes repealed.
Sec. 102. Payroll taxes repealed.
Sec. 103. Estate and gift taxes repealed.
Sec. 104. Conforming amendments; effective date.

TITLE II—SALES TAX ENACTED

Sec. 201. Sales tax.
Sec. 202. Conforming and technical amendments.

TITLE III—OTHER MATTERS

Sec. 301. Phase-out of administration of repealed Federal taxes.
Sec. 302. Administration of other Federal taxes.
Sec. 303. Sales tax inclusive Social Security benefits indexation.

**SEC. 2. CONGRESSIONAL FINDINGS.**

(a) FINDINGS RELATING TO FEDERAL INCOME TAX.—Congress finds the Federal income tax—

(1) retards economic growth and has reduced the standard of living of the American public;

(2) impedes the international competitiveness of United States industry;

(3) reduces savings and investment in the United States by taxing income multiple times;

(4) slows the capital formation necessary for real wages to steadily increase;

(5) lowers productivity;

3

    (6) imposes unacceptable and unnecessary administrative and compliance costs on individual and business taxpayers;

    (7) is unfair and inequitable;

    (8) unnecessarily intrudes upon the privacy and civil rights of United States citizens;

    (9) hides the true cost of government by embedding taxes in the costs of everything Americans buy;

    (10) is not being complied with at satisfactory levels and therefore raises the tax burden on law abiding citizens; and

    (11) impedes upward social mobility.

(b) FINDINGS RELATING TO FEDERAL PAYROLL TAXES.—Congress finds further that the Social Security and Medicare payroll taxes and self-employment taxes—

    (1) raise the cost of employment;

    (2) destroy jobs and cause unemployment; and

    (3) have a disproportionately adverse impact on lower income Americans.

(c) FINDINGS RELATING TO FEDERAL ESTATE AND GIFT TAXES.—Congress finds further that the Federal estate and gift taxes—

    (1) force family businesses and farms to be sold by the family to pay such taxes;

 (2) discourage capital formation and entrepreneurship;

 (3) foster the continued dominance of large enterprises over small family-owned companies and farms; and

 (4) impose unacceptably high tax planning costs on small businesses and farms.

(d) FINDINGS RELATING TO NATIONAL SALES TAX.—Congress finds further that a broad-based national sales tax on goods and services purchased for final consumption—

 (1) is similar in many respects to the sales and use taxes in place in 45 of the 50 States;

 (2) will promote savings and investment;

 (3) will promote fairness;

 (4) will promote economic growth;

 (5) will raise the standard of living;

 (6) will increase investment;

 (7) will enhance productivity and international competitiveness;

 (8) will reduce administrative burdens on the American taxpayer;

 (9) will improve upward social mobility; and

 (10) will respect the privacy interests and civil rights of taxpayers.

5

(e) FINDINGS RELATING TO ADMINISTRATION OF NATIONAL SALES TAX.—Congress further finds that—

(1) most of the practical experience administering sales taxes is found at the State governmental level;

(2) it is desirable to harmonize Federal and State collection and enforcement efforts to the maximum extent possible;

(3) it is sound tax administration policy to foster administration and collection of the Federal sales tax at the State level in return for a reasonable administration fee to the States; and

(4) businesses that must collect and remit taxes should receive reasonable compensation for the cost of doing so.

(f) FINDINGS RELATING TO REPEAL OF PRESENT FEDERAL TAX SYSTEM.—Congress further finds that the 16th amendment to the United States Constitution should be repealed.

6

# TITLE I—REPEAL OF THE INCOME TAX, PAYROLL TAXES, AND ESTATE AND GIFT TAXES

**SEC. 101. INCOME TAXES REPEALED.**

Subtitle A of the Internal Revenue Code of 1986 (relating to income taxes and self-employment taxes) is repealed.

**SEC. 102. PAYROLL TAXES REPEALED.**

(a) IN GENERAL.—Subtitle C of the Internal Revenue Code of 1986 (relating to payroll taxes and withholding of income taxes) is repealed.

(b) FUNDING OF SOCIAL SECURITY.—For funding of the Social Security Trust Funds from general revenue, see section 201 of the Social Security Act (42 U.S.C. 401).

**SEC. 103. ESTATE AND GIFT TAXES REPEALED.**

Subtitle B of the Internal Revenue Code of 1986 (relating to estate and gift taxes) is repealed.

**SEC. 104. CONFORMING AMENDMENTS; EFFECTIVE DATE.**

(a) CONFORMING AMENDMENTS.—The Internal Revenue Code of 1986 is amended—

   (1) by striking subtitle H (relating to financing of Presidential election campaigns), and

   (2) by redesignating—

       (A) subtitle D (relating to miscellaneous excise taxes) as subtitle B,

    (B) subtitle E (relating to alcohol, tobacco, and certain other excise taxes) as subtitle C,

    (C) subtitle F (relating to procedure and administration) as subtitle D,

    (D) subtitle G (relating to the Joint Committee on Taxation) as subtitle E,

    (E) subtitle I (relating to the Trust Fund Code) as subtitle F,

    (F) subtitle J (relating to coal industry health benefits) as subtitle G, and

    (G) subtitle K (relating to group health plan portability, access, and renewability requirements) as subtitle H.

(b) REDESIGNATION OF 1986 CODE.—

  (1) IN GENERAL.—The Internal Revenue Code of 1986 enacted on October 22, 1986, as heretofore, hereby, or hereafter amended, may be cited as the Internal Revenue Code of 2007.

  (2) REFERENCES IN LAWS, ETC.—Except when inappropriate, any reference in any law, Executive order, or other document—

    (A) to the Internal Revenue Code of 1986 shall include a reference to the Internal Revenue Code of 2007, and

8

    (B) to the Internal Revenue Code of 2007 shall include a reference to the provisions of law formerly known as the Internal Revenue Code of 1986.

  (c) ADDITIONAL AMENDMENTS.—For additional conforming amendments, see section 202 of this Act.

  (d) EFFECTIVE DATE.—Except as otherwise provided in this Act, the amendments made by this Act shall take effect on January 1, 2009.

# TITLE II—SALES TAX ENACTED

**SEC. 201. SALES TAX.**

  (a) IN GENERAL.—The Internal Revenue Code of 2007 is amended by inserting before subtitle B (as redesignated by section 104(a)(2)(A)) the following new subtitle:

## "Subtitle A—Sales Tax

"Sec. 1. Principles of interpretation.
"Sec. 2. Definitions.

  "CHAPTER 1. INTERPRETATION; DEFINITIONS; IMPOSITION OF TAX; ETC.

  "CHAPTER 2. CREDITS; REFUNDS

  "CHAPTER 3. FAMILY CONSUMPTION ALLOWANCE

  "CHAPTER 4. STATE AND FEDERAL COOPERATIVE TAX ADMINISTRATION

  "CHAPTER 5. OTHER ADMINISTRATIVE PROVISIONS

  "CHAPTER 6. COLLECTION; APPEALS; TAXPAYER RIGHTS

  "CHAPTER 7. SPECIAL RULES

  "CHAPTER 8. FINANCIAL INTERMEDIATION SERVICES

  "CHAPTER 9. ADDITIONAL MATTERS

9

1  **"SEC. 1. PRINCIPLES OF INTERPRETATION.**

2  "(a) IN GENERAL.—Any court, the Secretary, and
3  any sales tax administering authority shall consider the
4  purposes of this subtitle (as set forth in subsection (b))
5  as the primary aid in statutory construction.

6  "(b) PURPOSES.—The purposes of this subtitle are
7  as follows:

8    "(1) To raise revenue needed by the Federal
9    Government in a manner consistent with the other
10   purposes of this subtitle.

11   "(2) To tax all consumption of goods and serv-
12   ices in the United States once, without exception,
13   but only once.

14   "(3) To prevent double, multiple, or cascading
15   taxation.

16   "(4) To simplify the tax law and reduce the ad-
17   ministration costs of, and the costs of compliance
18   with, the tax law.

19   "(5) To provide for the administration of the
20   tax law in a manner that respects privacy, due proc-
21   ess, individual rights when interacting with the gov-
22   ernment, the presumption of innocence in criminal
23   proceedings, and the presumption of lawful behavior
24   in civil proceedings.

10

"(6) To increase the role of State governments in Federal tax administration because of State government expertise in sales tax administration.

"(7) To enhance generally cooperation and coordination among State tax administrators; and to enhance cooperation and coordination among Federal and State tax administrators, consistent with the principle of intergovernmental tax immunity.

"(c) SECONDARY AIDS TO STATUTORY CONSTRUCTION.—As a secondary aid in statutory construction, any court, the Secretary, and any sales tax administering authority shall consider—

"(1) the common law canons of statutory construction;

"(2) the meaning and construction of concepts and terms used in the Internal Revenue Code of 1986 as in effect before the effective date of this subtitle; and

"(3) construe any ambiguities in this Act in favor of reserving powers to the States respectively, or to the people.

"SEC. 2. DEFINITIONS.

"(a) IN GENERAL.—For purposes of this subtitle—

"(1) AFFILIATED FIRMS.—A firm is affiliated with another if 1 firm owns 50 percent or more of—