IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY C. MCKEAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07-cv-02202-ESH |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The United States, by and through counsel, under Fed.R.Civ.P. 56 and Local

Rule 7.1(c) moves for summary judgment.1/

As grounds for this motion, and as more fully discussed in the accompanying

memorandum in support of this motion, the United States submits that there is no

genuine issue as to any material fact, and that the United States is entitled to a judgment

against plaintiff, Jay C. McKean, as a matter of law.

---

1/      This motion is filed on behalf of the United States, the Internal Revenue
Service and the Social Security Administration.  The named defendants "Title 26
United States Code § 6331(a)" and "Eighteen Thousand Dollars in Federal Reserve
Notes" do not exist.

The specific relief sought by this motion is an order granting summary judgment to the United States and dismissing the complaint with prejudice.

DATE: April 24, 2008.                Respectfully submitted,

                                     /s/ Pat S. Genis
                                     PAT S. GENIS, #446244
                                     Trial Attorney, Tax Division
                                     U.S. Department of Justice
                                     Post Office Box 227
                                     Washington, DC  20044
                                     Tel./FAX:  (202) 307-6390/614-6866
                                     Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY C. MCKEAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07-cv-02202-ESH |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

This is a civil action in which plaintiff alleges that the Internal Revenue Service improperly levied against his credit union bank account and social security benefits in the total amount of $22,900 without sending him a notice of deficiency.  Plaintiff seeks relief under 28 U.S.C. § 2410 to quiet title to the levied funds, a refund and an order to release the levies.1/

QUESTIONS PRESENTED

1.  The Internal Revenue Service and the Social Security Administration are not proper parties.  Should they be dismissed as party defendants?

---

1/ Plaintiff claims that this Court has jurisdiction under 28 U.S.C. §§ 1331 federal question); 1340 (acts involving the internal revenue); 1346 (recovery of illegal tax); 1346 (recovery of illegal tax);  1651 & 1658 (All Writs Act), 3002(15)(A) (provision defining United States); Fed.R.Civ.P. 57 (declaratory judgments) and Fed.R.Civ.P. 65 (injunctions).  (Compl. p.3.) None of these statutes provides this Court with jurisdiction. *See, e.g., Reading v. United States*, 506 F.Supp.2d 13, 20-21 (D.D.C. 2007) (holding that none of these statutes confer jurisdiction).  Plaintiff also maintains that the Court has jurisdiction under the Constitution: Art. I, § 9, cl. 3 & Art. I, § 10, cl. 1 and amendments 1, 4, 5, 9, 14 & 16.  The United States has not waived its sovereign immunity to allow suits under the constitution involving tax collection.

2.  Under 26 U.S.C. § 6212, the Internal Revenue Service is required to send a notice of deficiency to a taxpayer before making a valid assessment.  No notice of levy is enforceable if a notice of deficiency has not ben sent. The Internal Revenue Service sent a notice of deficiency to plaintiff for tax years 1999, 2000, 2001, 2002, 2003 before issuing a levy against him.  Should the Court grant the United States' motion for summary judgment and dismiss plaintiff's complaint?

STATEMENT

1.  <u>Introduction & Background</u>.  The Internal Revenue Service served a notice of levy dated May 1, 2007 to Avanta Federal Credit Union in the amount of $19,084.86. (Compl. ex. C.)  By letter dated May 4, 2007, Avanta notified plaintiff that his funds had been levied and that it had sent $12,660.37 to the Internal Revenue Service in compliance with the levy.  (Compl. ex. C.)  On May 11, 2007, plaintiff filed an appeal of the notice of levy seeking return of the levied funds and release of the levy.  (Compl. ¶ 2, ex. B.)  The Internal Revenue Service determined that the levy was appropriately issued and notified plaintiff of its determination by letter dated July 11, 2007.  (Compl. ¶2, ex. B.)

Beginning in January 2005, the Internal Revenue Service began levying against plaintiff's social security benefits.  (Compl. ¶ 5, ex. E.)  By letter dated April 9, 2007, the Social Security Administration advised plaintiff that it intended to reduce his benefits by $367.80 each month in response to a notice of levy from the Internal Revenue Service. (Comp. ¶ 4, ex. D.)  Plaintiff alleges that $7,700 were seized from his social security benefits by levy.  (Compl. ¶ 5, ex. E.)

2

Plaintiff, Jay C. McKean, filed this complaint on December 6, 2007.  (Dkt. #1.)  The complaint named as defendants the United States, the Internal Revenue Service, the Department of Treasury, the Social Security Administration and Avanta Federal Credit Union, "Title 26 United States Code §6330(e)," "Eighteen Thousand Dollars of Federal Reserve Notes," and John Does 1 through 5.  (Compl.).

On February 5, 2008, the Court granted defendant Avanta Federal Credit Union's motion to dismiss it as a defendant on the grounds that it is immune from liability for complying with an Internal Revenue Service notice of levy.  (Minute order.)

2.  <u>Allegations and relief sought in the complaint</u>.  Plaintiff alleges that the Internal Revenue Service's levies are invalid and asserts his claims in 7 counts:  Count I - Quiet title of personal property pursuant to 28 U.S.C. § 2410; Count II - Violation of 26 U.S.C. § 6330(e); Count III - Violations of plaintiff's rights under the due process clause of the Fifth Amendment; Count IV - Plaintiff filed an administrative claim for damages that was denied by defendants; Count V - Violation of plaintiff's rights under the just compensation clause of the Fifth Amendment; Count VI - Defendants seized plaintiff's personal property under colorable statutes at title 26 U.S.C. § 6331, violations of plaintiff's rights under the APA and the Bill of Attainder clause at Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1; and Count VII - Defendants' seizure and taking of plaintiff's personal property administratively is an intentional misapplication of the internal revenue laws.

3

Plaintiff seeks a refund of the $22,900 seized by levy from his credit union and the Social Security Administration, damages for negligent and intentional unauthorized collection activities under section 7433, an order releasing the levies and enjoining further levies for tax years 1999 through 2003 and declaratory judgment "as appropriate." (Compl. p. 24.)

3. Plaintiff's tax liabilities. Plaintiff failed to file tax returns for 1999, 2000, 2001, 2002 and 2003. (Genis decl. exs. 1-5.) The Internal Revenue Service determined plaintiff's tax liability (Genis decl. exs. 1-5) and issued notices of deficiency for each year. (Genis decl. exs. 6, 7, 10, 12 & 13.)

The certified transcripts of account for plaintiff indicate the following with respect to tax years 1999 through 2003:

| Tax Year | Notice of Deficiency | Taxes Assessed |
|----------|----------------------|----------------|
| 1999 | 06.04.03 | 11.03.03 |
| 2000 | 06.04.03 | 11.03.03 |
| 2001 | 10.24.03 | 03.29.04 |
| 2002 | 07.27.04 | 12.20.04 |
| 2003 | 06.21.05 | 02.06.06 |

(Genis decl. exs. 1-5, 14.) Plaintiff protested the deficiency notices for 1999, 2000 and 2001. (Genis decl. exs. 8, 9 & 11.)

Plaintiff's tax liabilities have been fully paid for tax years 1999, 2000, 2001 and 2002. (Genis decl. exs. 1-4). As of March 3, 2008, plaintiff owed $3,110.01 for 2003. (Genis decl. ex. 14.)

4

ARGUMENT

I.

STANDARD OF REVIEW: MOTION FOR SUMMARY JUDGMENT.

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986); *Matsushita Electronics Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Where, as here, the nonmoving party bears the burden of proof on an issue, the movant need not produce evidence showing the absence of a genuine issue of material fact, but instead the movant may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also, Alexis v. District of Columbia*, 44 F.Supp.2d 331, 337 (D.D.C. 1999).

II

THE INTERNAL REVENUE SERVICE AND THE SOCIAL SECURITY ADMINISTRATION ARE NOT PROPER PARTIES AND SHOULD BE DISMISSED

The Internal Revenue Service and the Social Security Administration must be dismissed as party defendants because, as agencies of the federal government, they are immune from suit. *See Murphy v. Internal Revenue Service*, 460 F.3d 79, 82 (D.C. Cir. 2006), (reversed on other grounds).

5

The Internal Revenue Service must be dismissed because Congress has not explicitly or implicitly authorized the Internal Revenue Service to sue or be sued in its own name in a suit for the recovery of Federal taxes. "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language or impliedly because the agency is the offspring of such a suable entity." *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). No broad waiver of sovereign immunity applies to the Treasury Department or the Internal Revenue Service. *See Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dept.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976). The Internal Revenue Service cannot be sued in this Court. *Baumohl v. Columbia Jewelry Co. of Annapolis*, 127 F.Supp. 865, 866 (D. Md. 1955); *Richmond v. United States*, 1986 WL 5995, *1, 57 A.F.T.R.2d (RIA) 992, 1986-1 U.S. Tax Cas. (CCH) ¶ 9239 (N.D. Fla. 1986); *Bramble v. Internal Revenue Service*, 1982 WL 201104, *1 (E.D. NY 1982). Because the Internal Revenue Service cannot be the subject to a suit, the Internal Revenue Service must be dismissed as a party defendant in this action.

The Social Security Administration (SSA) is a federal agency of the United States. *See, e.g., Coon v. Trustco Bank, Corp.*, 2007 WL 4118938 *2 (N.D. N.Y. 2007) An action against a federal agency is essentially a suit against the United States, and such suits are barred under the doctrine of sovereign immunity, unless such immunity is explicitly waived. *See Coon* 2007 WL 4118938 at *2 (suit against SSA barred) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ); *see also Wise v. Richardson*, 383 F.Supp. 1101, 1102 (E.D. Pa.

1974) (same).  No such waiver is present in this case.  Accordingly, the Social Security Administration should be dismissed as a party defendant.

III.

PLAINTIFF'S QUIET TITLE CLAIM MUST FAIL BECAUSE THE ISSUANCE OF THE LEVIES WAS PROCEDURALLY CORRECT

In Count I, plaintiff seeks to quiet title to money seized from him by Internal Revenue Service levies.  This Court has jurisdiction over plaintiff's "quiet title" claims under 28 U.S.C. § 2410.  Section 2410 waives the United States' sovereign immunity to allow suits against the United States to "quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a).  A challenge under 2410 is limited to questions about the legality of the procedures used to enforce a tax lien and not the validity of the tax assessment itself.  *Aqua Bar & Lounge, Inc. v. Dept. of Treasury*, 539 F.2d 935, 939 (3rd Cir. 1976).  So long as the taxpayer refrains from contesting  the merits of the underlying tax assessment itself, the district court has jurisdiction to hear an action under section 2410 in combination with section 1340.  *Id*. at 939-940.

Plaintiff claims that the levies against him served on Avanta and the Social Security Administration were invalid because the Internal Revenue Service failed to send him a notice of deficiency under 26 U.S.C. §§ 6212 and 6213 before collecting the taxes by levy.  (Compl. ¶ 16.)  Section 6212 provides that upon determination that a tax deficiency exists, the Internal Revenue Service must send the taxpayer a notice of deficiency at the taxpayer's last known address.  26 U.S.C. § 6212 (a) & (b); *Guthrie v.*

7

*Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992).  Section 6213 provides that a taxpayer has 90 days (or 150 days if the taxpayer is outside the United States) after the mailing of the notice of deficiency to file a petition in the Tax Court for a redetermination of the deficiency.  26 U.S.C. § 6213 (a).  Section 6213 also provides that no assessment or collection activity may be done until the expiration of the 90-day or 150-day period, or if a Tax Court petition has been filed, until a decision is reached.  26 U.S.C. § 6213. If the taxpayer does not file a Tax Court petition, the deficiency may be assessed and must be paid upon notice and demand.  26 U.S.C. § 6213(c); *Guthrie*, 970 F.2d at 735.

In this case, plaintiff's quiet title claim must fail because the Internal Revenue Service sent him notices of deficiencies for each tax year at issue.  The Internal Revenue Service sent plaintiff notices of deficiency for tax years 1999 and 2000 on June 4, 2003 and notices of deficiency for tax year 2001, 2002 and 2003 on October 24, 2003, July 27, 2004 and June 21, 2005, respectively.  (Genis decl. exs. 6, 7, 10, 12 & 13.)  These notices were sent to plaintiff at his address at Rt. 1 Box 2031.  (Genis exs. 6, 7, 10, 12 & 13.)  Plaintiff filed with the Internal Revenue Service protests against the proposed deficiencies for 1999 and 2000 on June 12, 2003 and against the 2001, notice of deficiency on in August 2003.  (Genis decl. exs. 8, 9 & 11.)   All the notices of deficiency were sent to plaintiff at his last-known address, Rt. 1 Box 2031, Roberts, MT 59070-9610319.  (Genis decl. exs. 6, 7, 10, 12 & 13.)2/ The certified transcripts show that the Internal Revenue Service made the

---

2/ Plaintiff asserts no notices of deficiency were sent because there is no tax code "494" appears on his Individual Master File Complete Transcript.  (Compl. ex. A, ¶ II. a-c.)  Plaintiff is wrong.  A "494 Code only appears on an IRS transcript of account if the

assessments of plaintiff's tax liabilities on November 3, 2003 for tax years 1999 and 2000,

and on March 29, 2004, December 20, 2004 and February 6, 2006 for years 2001, 2002 and

2003, respectively. (Genis decl. ex. 1-5.) The two levies that plaintiff complains about in

this case were served on Avanta on May 1, 2005 and on the Social Security

Administration in April 9, 2005. (Compl. exs. C & D.) Thus, the assessments were

properly made in accordance with section 6213, and the notices of levy were valid

served well after the 90-day period prescribed in section 6213. Because the funds were

seized in accordance with proper levies, plaintiff's request to quiet title to the seized

funds must be denied.

IV.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S REQUEST FOR A TAX
REFUND

In Count IV, plaintiff asks this Court to order defendants to "pay or return to

Plaintiff the total amount of personal property seized, statutory damages plus interest."

(Compl. ¶ 30.) The United States interprets this request as a claim for a tax refund. This

Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not

allege that he filed a claim for refund as required by 26 U.S.C. § 7422, or that he fully

---

notice of deficiency is computer-generated. Thus, if a return is selected for examination,
a "420" examination code is placed in the taxpayer's IMF, which prevents a 494 code
from being input." *United States v. Smith*, 950 F.Supp. 1394, 1400-1401 (N.D. Ind. 1996).

paid the 2003 federal taxes for which he seeks a refund.<u>3</u>/  Both are necessary to waive

the United States' sovereign immunity.  *See United States v. Dalm*, 494 U.S. 596, 601-602

(1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. §

7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required

before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001)

(same).  Plaintiff has the burden to show that sovereign immunity has been waived.  *See*,

*e.g.*, *Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing

*United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or

proceeding shall be maintained in any court for the recovery of an internal revenue tax

alleged to have been erroneously or illegally assessed or collected . . . until a claim for

refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Plaintiff does not allege

or claim that he  filed a claim for refund; accordingly, this Court lacks jurisdiction over

his tax refund claims.<u>4</u>/  *Dalm*, 494 U.S. at 601-02.

──────────────────

    <u>3</u>/  Plaintiff has not fully paid his tax liability for 2003, and has a balance due of
$3,110.01 for that year.  (Genis decl. ex. 14.)  This is an additional basis for denying his
request for a tax refund for 2003.

    <u>4</u>/  The Court should also dismiss plaintiff's refund claim for improper venue.
Under 28 U.S.C. §§ 1402(a)(1) and 1346(a), venue for a refund suit is proper only in the
judicial district in which the plaintiff resides.  Plaintiff is a resident of Montana (Am.
compl. at 1); therefore, venue in this Court is improper.

    This Court has the discretion to either dismiss the case for lack of venue, or "in
the interests of justice," to transfer it "to any district or division in which it could have
been brought."  28 U.S.C. § 1406(a).  Here, the interests of justice do not require
transferring this case, and in fact weight against transfer.  Plaintiff's amended complaint
alleges no facts to warrant transfer.  As discussed above, plaintiff's failure to allege that
he filed a claim for refund deprives <u>any</u> federal court of jurisdiction. *See Dalm*, 494 U.S.

V

PLAINTIFF IS NOT ENTITLED TO DAMAGES UNDER SECTION 7433

In Count IV, plaintiff seeks "actual and direct economic damages" (compl. ¶ 42), and claims that the Internal Revenue Service improperly denied his administrative claim which asserted that the notice of levy served on Avanta was procedurally unenforceable. (Compl. ¶ 39, exs. A & B.)

In a claim seeking damages, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the

---

at 601-602; *Flora*, 362 U.S. at 177. In addition, transfer is not warranted for plaintiff's other claims. Plaintiff's claim that the Internal Revenue
Service failed to send him notices of deficiency – the basis of all plaintiff's claims – is demonstrably false. Therefore, plaintiff's complaint is subject to summary judgment.

Although venue is improper in this Court, a transfer to Montana would not be "in the interests of justice." Therefore, the Court should dismiss plaintiff's complaint.

administrative remedies available to such plaintiff within the Internal Revenue Service."
26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the
administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The
regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written
administrative claim for damages to the area director in the district in which the
taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description
of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any
damages not yet incurred but that are reasonably foreseeable; and (4) the signature of
the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation
deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen
v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th
Cir. 1992).

In this case, plaintiff filed an administrative claim for damages for the Avanta
levy, but not for the levies of plaintiff's social security benefits. Accordingly, plaintiff has
not exhausted his administrative remedies with respect to the $7,700 seized from his
social security benefits, and thus cannot state a claim for damages for this amount.

12

With respect to the money seized from Avanta, plaintiff filed an appeal of the Avanta notice of levy by letter dated May 11, 2007. (Compl. ex. A.). The letter asserted that plaintiff "was never issued a notice of deficiency" and "never given the opportunity to petition the Tax Court." (Compl. ex. A, p. 2.) The letter demanded the release or withdrawal of the "procedurally invalid Form 668-A(c) Notice of Levy dated May 1, 2007," and the "return of property seized and taken in the amount of $12,660.39." (Compl. ex. A, p. 8.) The Internal Revenue Service denied plaintiff's appeal by letter dated July 11, 2007, which stated that "[our determination is the levy was appropriately issued." (Compl. ex. B.)

Plaintiff's challenge of the denial of his appeal must fail because the Internal Revenue Service did not violate any provision of the Internal Revenue Code in issuing the notice of levy to Avanta. The Internal Revenue Service sent plaintiff a notice of deficiency for years 1999 through 2003, which complied with the requirements of 26 U.S.C. § 6212. Therefore, the levy was procedurally sound, plaintiff's appeal was properly denied, and plaintiff has not demonstrated that he is entitled to relief under section 7433. Accordingly, this Court should grant the United States' motion for summary judgment on this issue.

VI

THE COURT HAS NO JURISDICTION OVER PLAINTIFF'S CONSTITUTIONAL CLAIMS

In Counts III, V and VI, plaintiff asserts that his rights under the Fifth Amendment of the Constitution were violated. Specifically, in Count III, plaintiff asserts

13

that "Defendants failed to comply with 26 U.S.C. § 6213(a) , which prohibits the issuance of a levy until such time (sic) a Notice of Deficiency has been issued to plaintiff" and that such conduct constitutes a violation of the due process clause of the Fifth Amendment. (Compl.  ¶¶ 31-35, 39) and the Just Compensation Clause of the Fifth Amendment (Compl. ¶¶ 43-53.)  Plaintiff asserts in Count VI that the seizure of his "personal property" "constitutes a bill of attainder at Article I, Section 9 Clause 3 and Article I, Section 10 Clause I."5/  (Compl. ¶ 56). The doctrine of sovereign immunity bars suits against the United States that are not specifically allowed by statute.  *Jackson v. Bush*, 448 F.Supp.2d 198, 200 (D.D.C. 2006).  Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution.  *Id.* at 201; *Clark v. Library of Cong.*, 750 F.2d 89, 102-03 (D.C. Cir. 1984).  Accordingly, the Court lacks subject matter jurisdiction over plaintiff's constitutional claims, and the United States is entitled to summary judgment on these counts.

---

5/ Plaintiff also alleges in Count VI that the seizure of his property violated his rights under the Administrative Procedures Act.  (Compl. ¶55.)  This Court has held that an action brought under the Administrative Procedures Act is barred if it concerns the assessment or collection of federal taxes.  *McGuirl v. United States*, 360 F.Supp.2d 123, 129 (D.D.C. 2004) (citing *Foodserv. and Lodging Inst., Inc. v. Regan*, 809 F.2d 842, 844 (D.C. Cir. 1987); *Reading v. United States*, 506 F.Supp.2d 13, 20 (D.D.C. 2007). Accordingly, plaintiff's APA claim must be dismissed.

VII

PLAINTIFF'S OTHER CLAIMS MUST FAIL

*A. Injunctive Relief.* In each of his counts – counts I through VII – plaintiff asks the Court for an order compelling defendants to "issue a Certificate of Release of the administrative Notices of Levy." (Compl. ¶¶ 25, 30, 35, 42, 53, 60, 66.) To the extent this request is for injunctive relief, plaintiff is not entitled to such relief. Ordinarily, a court lacks jurisdiction to enjoin the Internal Revenue Service from engaging in any further tax collection activities by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim.6/ *See* 26 U.S.C. § 7421(a). Thus, the Act generally precludes this Court from exercising jurisdiction over any action which seeks to enjoin the collection of taxes. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

In this case, plaintiff seeks to assert that his claims fall within an exception to the Anti-injunction Act, since it alleges a violation of sections 6212 and 6213. As noted above, however, the Internal Revenue Service fully complied with sections 6212 and 6213. Therefore, plaintiff is not entitled to injunctive relief.

---

6/ Section 7421 provides, in relevant part: "Except as provided in section . . . 6212(a) and 6213(a) . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a).

*B. Section 6330(e).*    In Counts II plaintiff alleges that the defendants are in violation of 26 U.S.C. § 6330(e) because "[a]lthough plaintiff filed the Collection Appeal Request, and the appeals process had not come to fruition via a determination letter prior to issuance of the administrative Notice of Levy." (Compl. ¶ 29.)   Section 6330(e) provides that collection activities, including levy actions, must be suspended during the time a hearing on a notice of levy under 26 U.S.C. § 6330 (a)(3)(B) is pending and for 90 days after a final determination has been made.  26 U.S.C. § 6330(e).  In this case, plaintiff appealed the Avanta levy by letter dated May 11, 2007, which was denied by letter dated July 11, 2007.  Plaintiff's letter, however, did not invoke any of the protections under section 6330(e).   But even if section 6330(e) had been invoked, no collection activities were made during this period which would have violated that provision.  The only other levy at issue in this case, the one served on the Social Security Administration on April 9, 2007 was served *prior* to plaintiff's May 11, 2007 appeal.  Accordingly, plaintiff's claim that the Internal Revenue Service violated section 6330(e) is without merit.

## CONCLUSION

Plaintiff's claims all derive from the false assertion that the Internal Revenue Service did not send him notices of deficiency before issuing administrative levies and seizing $22,900 from his credit union account and social security benefits.  The United States has provided copies of the notices of deficiency which prove that the Internal Revenue Service fully complied with the requirements under the Internal Revenue Code, demonstrating that the levies were procedurally correct.  Plaintiff is not entitled to

16

prevail on any of his claims and the Court should grant the United States' motion for

summary judgment.

 DATE: April 24, 2008.                    Respectfully submitted,

                                          /s/ Pat S. Genis
                                         PAT S. GENIS, #446244
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         Post Office Box 227
                                         Washington, DC  20044
                                         Tel./FAX:  (202) 307-6390/614-6866
                                         Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that defendants' MOTION FOR SUMMARY JUDGMENT,

STATEMENT OF MATERIAL FACTS, DECLARATION OF PAT S. GENIS with

EXHIBITS and proposed ORDER were served upon plaintiff *pro se* on April 24, 2008 by

depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Jay C. McKean
> Plaintiff *pro se*
> C/o 164 West Beach Road
> Roberts, MT 59070

>                 /s/ Pat S. Genis
>                 PAT S. GENIS, #446244

18

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JAY C. MCKEAN                           )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        No:  1:07-cv-02202-ESH
                                        )
UNITED STATES, et al.                   )
                                        )
            Defendants.                 )

<u>STATEMENT OF MATERIAL FACTS IN SUPPORT OF
THE UNITED STATES' MOTION FOR  SUMMARY JUDGMENT</u>

The United States and the Internal Revenue Service submits this statement of

material facts in support of its motion for  summary judgment.

1.      On May 1, 2007, the Internal Revenue Service served upon plaintiff's credit

        union, Avanta Federal Credit Union, a levy in the amount of $19,084.86. (Compl.

        ¶ 3, ex. C.)

2.      In response to the levy, Avanta sent the Internal Revenue Service the balance in

        plaintiff's account which amounted to $12,660.39, and so advised plaintiff in a

        letter dated May 4, 2007.   (Compl. ¶ 3, ex. C.)

3.      By letter dated January 3, 2005, the Financial Management Service in

        Birmingham, Alabama wrote plaintiff that $164.35 had been forwarded to the

        Internal Revenue Service from plaintiff's social security benefit payments.

        (Compl. ex. E.)

4.      The Financial Management Service sent notices to plaintiff each month from

        January 3, 2005 through January 3, 2007 reflecting differing amounts deducted

from plaintiff's social security benefits and sent to the Internal Revenue Service.
(Compl. ex. E.)

5.   By letter dated April 9, 2007, the Social Security Administration advised plaintiff
that the Internal Revenue Service had served them a notice of levy and asked
them to withhold $367.80 each month from plaintiff's social security benefits
payments.  (Compl. ex. D.)

6.   The April 9, 2007 letter stated that the SSA had withheld $367.80 and would
withhold $367.80 each month.  (Compl. ex. D.)

7.   Plaintiff asserts that a total of $7,700 was seized from his social security benefits.
(Compl. ¶ 5.)

8.   All the correspondence referenced in paragraphs 2 - 6 above were sent to plaintiff
at RR 1 Box 2031, Roberts, MT 59070.

9.   By letter dated May 11, 2007, plaintiff wrote the Internal Revenue Service , CS
Support, PO Box 24017, Fresno, CA 93779-4017 complaining of a Form 668-A(c) -
Notice of Levy.  (Compl. ex. A.)

10.  The May 11, 2007 claim stated that $12,660.39 had been levied from his credit
union, and demanded the release of an "unauthorized notice of levy" served on
Avanta.  (Comp. ex. A, p.2, I.1.)

11.  Plaintiff's claim asserted that no "Statutory Notice of Deficiency TC 494 Code"
appeared on his Individual Master File Complete Transcript.  (Compl. ex. A. , p.3,
II.b.)

12.    Plaintiff concluded that the Internal Revenue Service failed to issue a 90-day

notice of deficiency for tax years 1999 through 2003.  (Compl. ex. A., p.3, II.c.)

13.    By letter dated July 11, 2007, the Internal Revenue Service denied plaintiff's

appeal, affirming that the "levy was appropriately issued."  (Compl. ex. B.)

14.    Plaintiff failed to file his federal income tax returns for tax years 1999, 2000, 2001,

2002 and 2003.  (Genis decl. exs. 1-5.)

15.    The Internal Revenue Service determined plaintiff's tax liabilities in connection

with the issuance of a notice of deficiency for tax years 1999, 2000, 2001, 2002, and

2003.  (Genis decl. exs. 6, 7, 10, 12 & 13.)

16.    The certified transcripts of account for plaintiff indicate the following with respect

to tax years 1999 through 2003:

| Tax Year | Notice of Deficiency | Taxes Assessed |
|---|---|---|
| 1999 | 06.04.03 | 11.03.03 |
| 2000 | 06.04.03 | 11.03.03 |
| 2001 | 10.24.03 | 03.29.04 |
| 2002 | 07.27.04 | 12.20.04 |
| 2003 | 06.21.05 | 02.06.06 |

(Genis decl. exs. 1-5.)

17.    As of March 3 , 2008, plaintiff had an outstanding balance due on his 2003 federal

income tax liabilities of $3,110.01.  (Genis decl. ex. 14.)

18.    The Internal Revenue Service sent plaintiff notices of deficiency for 1999 and 2000

on June 4, 2003.  (Genis decl. ex. 6 & 7.)

19.    Plaintiff filed petitions of protest of 1999 and 2000 deficiencies by letters dated

June 12, 2003.  (Genis decl. exs. 8 & 9.)

20.    The Internal Revenue Service sent plaintiff a notice of deficiency for 2001 on

October 24, 2003.  (Genis decl. ex. 10.)

21.    Plaintiff returned a signed copy of the 2001 notice of deficiency to the Internal

Revenue Service which had the notation: "Pursuant to U.C.C. § 1-301, 'REFUSAL

FOR CAUSE', I hereby, REFUSE AND REFUTE this presentment FOR CAUSE

and WITHOUT DISHONOR.  I do not owe this.  All Rights Reserved, Without

Prejudice, UCC 1-207."  (Genis decl. ex. 11.)

22.    The Internal Revenue Service sent plaintiff a notice of deficiency for 2002 on July

27, 2004  (Genis decl. ex. 12.)

23.    The Internal Revenue Service sent plaintiff a notice of deficiency for 2003 on June

21, 2005.  (Genis decl. ex. 13.)

24.    All the notices referenced in paragraphs 18, 20, 22 &23 above were sent to plaintiff

at Rt. 1 Box 2031, Roberts, MT 59070-9610319.  (Genis decl. exs. 6, 7, 10, 12, 13.)

25.    Plaintiff filed this suit on December 6, 2007.


DATED:        April 24, 2008.

Respectfully submitted,


/s/
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone/FAX: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY C. MCKEAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No:  1:07-cv-02202-ESH |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF PAT S. GENIS**

I, Pat S. Genis, under  28 U.S.C. § 1746, declare as follows:

1.      I am a trial attorney with the Department of Justice Tax Division.  As part of my duties, I have been assigned responsibility for litigation of the above-captioned case.

2.      As part of my duties, I have received and reviewed documents and records created and maintained by the Internal Revenue Service.

3.      Attached is a true and correct copy of the following documents:

| Ex. No. | Description |
|---|---|
| 1 | Form 4340 Certificate of Assessments, Payments, and Other Specified Matters for Jay C. McKean for tax year 1999; |
| 2 | Form 4340 Certificate of Assessments, Payments, and Other Specified Matters for Jay C. McKean for tax year 2000; |
| 3 | Form 4340 Certificate of Assessments, Payments, and Other Specified Matters for Jay C. McKean for tax year 2001; |
| 4 | Form 4340 Certificate of Assessments, Payments, and Other Specified Matters for Jay C. McKean for tax year 2002; |

5       Form 4340 Certificate of Assessments, Payments, and Other Specified
        Matters for Jay C. McKean for tax year 2003;

6       June 4, 2003 Notice of Deficiency for Jay C. & Faye McKean for tax year
        1999;

7       June 4, 2003 Notice of Deficiency for Jay C. & Faye McKean for tax year
        2000;

8       June 12, 2003 Petition of Protest for 1999 deficiencies;

9       June 12, 2003 Petition of Protest for 2000 deficiencies;

10      October 24, 2003 Notice of Deficiency for Jay C. & Faye McKean for tax
        year 2001;

11      Copy of 2001 notice of deficiency and correspondence signed by Jay C.
        McKean denying liability  for 2001 taxes.

12      July 27, 2004 Notice of Deficiency for Jay C. & Faye McKean for tax year
        2002;

13      June 21, 2005 Notice of Deficiency for Jay C. & Faye McKean for tax year
        2003;

14      Transcript of account for Jay McKean for 2003 showing balance due for
        2003.

I declare under penalty of perjury that the foregoing is true to the best of my

knowledge, information and belief.

DATED:   April 24, 2008.


                        /s/ Pat Genis
                        PAT S. GENIS

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JAY C. MCKEAN                          )
                                       )
              Plaintiff,               )
                                       )
       v.                              )        No: 1:07-cv-02202-ESH
                                       )
UNITED STATES, et al.                  )
                                       )
              Defendants.              )

## O R D E R

Having considered defendants' motion for summary judgment, together with the

memorandum in support thereof, and having further considered plaintiff's [lack of]

opposition thereto, the Court concludes that the motion ought to be granted.

Accordingly, it is this _____ day of _____, 2008, at Washington, District

of Columbia,

       ORDERED that defendants' motion for summary judgment is GRANTED;

       ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

       ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


                                    _____
                                    UNITED STATES DISTRICT JUDGE



2090318.1

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Jay C. McKean
Plaintiff *pro se*
C/o 164 West Beach Road
Roberts, MT 59070