UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JAY C. MCKEAN,                      )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 07-02202 (ESH)
                                    )
UNITED STATES, *et al.*,            )
                                    )
            Defendants.             )
_____)

## MEMORANDUM OPINION

Plaintiff Jay C. McKean has filed suit *pro se* alleging that the Internal Revenue Service ("IRS") improperly levied against his credit union bank account and social security benefits in the total amount of $22,900 without sending him a notice of deficiency. Plaintiff seeks relief under 28 U.S.C. § 2410 to quiet title to the levied funds, a refund, and an order to release the levies.[1] Defendants have filed a motion for summary judgment.[2] For the reasons stated herein,

---

[1] Plaintiff also invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1340 (acts involving internal revenue), 28 U.S.C. § 1346 (recovery of illegal tax), 28 U.S.C. §§ 1651 & 1658 (the All Writs Act), 28 U.S.C. § 3002(15)(a) (provision defining "United States") and Fed R. Civ. P. 57 and 65. (Compl. 3.) None of these statutes provides this Court with jurisdiction. *See e.g.*, *Reading v. United States*, 506 F.Supp.2d 13, 20-21 (D.D.C. 2007).

[2] This motion is filed on behalf of the United States, the IRS, and the Social Security Administration ("SSA"). The Court has previously dismissed defendant Avanta Federal Credit Union from this case. (*See* Minute Order dated Feb. 5, 2008.) Named defendants "Title 26 United States Code § 6331(a)" and "Eighteen Thousand Dollars in Federal Reserve Notes" do not exist. (*See* Defs.' Mot. 1 n. 1.)

As defendants correctly note, only the United States is a proper party to this suit. The IRS and the SSA will be dismissed because, as agencies of the federal government, they are immune from suit. *See Murphy v. Internal Revenue Service*, 460 F.3d 79, 82 (D.C. Cir. 2006)

1

defendants' motion will be granted.

## BACKGROUND

Plaintiff failed to file tax returns for 1999, 2000, 2001, 2002, and 2003. (Defs.' Exs. 1-5.) The IRS determined plaintiff's tax liability and issued notices of deficiency for each year. (*Id.*) On May 1, 2007, the IRS served a notice of levy for $19,084.86 on Avanta Federal Credit Union. (Pl.'s Ex. C.) By letter dated May 4, 2007, Avanta notified plaintiff that his funds had been levied and that it had sent $12,660.37 to the IRS in compliance with the levy. (*Id.*) On May 11, 2007, plaintiff filed an appeal of the notice of levy seeking return of the levied funds and release of the levy. (Pl.'s Ex. A.) The IRS determined that the levy was appropriately issued and notified plaintiff of its determination in a letter dated July 11, 2007. (Pl.'s Ex. B.)

In January 2005, the IRS began levying against plaintiff's social security benefits. (Pl.'s Ex. E.) By letter dated April 9, 2007, the Social Security Administration notified plaintiff that it intended to reduce his benefits by $367.80 each month in response to the notice of levy. (Pl.'s Ex. D.) Plaintiff alleges that the amount of $7,700 was seized from his social security benefits by levy. (Compl. ¶ 5.)

Plaintiff's tax liabilities have been fully paid for tax years 1999, 2000, 2001, and 2002. (Defs.' Exs. 1-4.) As of March 3, 2008, plaintiff still owed $3,110.01 for 2003. (Defs.' Ex. 14.)

## ANALYSIS

Plaintiff's complaint raises seven counts, each of which alleges that the IRS's levies are invalid. In Count I, plaintiff seeks to quiet title to the property seized from him by IRS levies

---

(reversed on other grounds); *Coon v. Trustco Bank Corp.*, 2007 WL 4118938, at * 2 (N.D.N.Y. Nov. 16, 2007).

pursuant to 28 U.S.C. § 2410.  (Compl. 12.)  Count II alleges that the IRS seized his property in violation of 26 U.S.C. §§ 6212, 6213(a), and 6330(e).  (*Id.* 15.)  Count III alleges that defendant violated plaintiff's rights under the Due Process Clause of the Fifth Amendment.  (*Id.* 16.)  Count IV alleges that defendant is entitled to a return of the seized property and damages pursuant to 26 U.S.C. §§ 7431 and 7433.  (*Id.* 16-17.)  Count V alleges a violation of plaintiff's rights under the "Just Compensation Clause" of the Fifth Amendment.  (*Id.* 18.)  Count VI asserts that the seizure of plaintiff's property "constitutes a bill of attainder at Article I, Section 9 Clause 3 and Article I, Section 10 Clause I."  (*Id.* 20.)  Finally, Count VII, alleges that defendants' administrative seizure of plaintiff's property is an intentional misapplication of the internal revenue laws.  (*Id.* 21.)

Defendants have filed a motion for summary judgment on all counts.  Summary judgment is appropriate if "there is no genuine issue as to any material fact" and the "moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).  When considering a motion for summary judgment "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255.  The non-moving party's opposition must, however, consist of more than mere unsupported allegations or denials.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Rather, he must provide evidence that would permit a reasonable factfinder to find in his favor.  *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  Where, as here, the nonmoving party bears the burden of proof on an issue, the movant need not produce any evidence showing the absence of a genuine issue of material fact, but instead the movant may discharge its burden by showing

"that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.   The Court will address each of plaintiff's claims in turn.

    **I.**    **Counts I and II Fail Because the Issuance of the Levies Was Procedurally Valid**

In Count I, plaintiff seeks to quiet title to money seized from him by IRS levies pursuant to 28 U.S.C. § 2410.  A claim brought under § 2410 is limited to a challenge to the legality of the procedures used to enforce a tax lien and may not be used to attack the validity of the tax assessment.  *See Aqua Bar & Lounge Inc. v. Dept. of Treasury*, 539 F.2d 935, 939 (3d Cir. 1976).  Plaintiff alleges that the IRS's levies are invalid because it "failed to comply with the procedural requirements of 26 U.S.C. §§ U.S.C. 6212 and 6213 and never caused Notices of Deficiency to be served for tax years 1999 through 2003 . . . ." (Compl. ¶ 16.)  In Count II, plaintiff realleges that the IRS issued the levies in violation 26 U.S.C. §§ 6212 and 6213 and further asserts that the IRS acted in violation of § 6330(e).  (*See* Compl. 15.)  All of these claims fail because the IRS's levies were procedurally valid.

Pursuant to 26 U.S.C. § 6212, upon determining that a tax deficiency exists, the IRS must send the taxpayer a notice of deficiency at the taxpayer's last known address.  *See* 26 U.S.C. § 6212(a) & (b).  Section 6213 provides that a taxpayer has 90 days after the mailing of the notice of deficiency to file a petition in the Tax Court for a redetermination of the deficiency.  *See* 26 U.S.C. § 6213(a).  It also provides that no assessment or tax collection activity may be done until the expiration of the 90-day period, or if a Tax Court petition is filed, until after a decision is reached.  *Id.*

In this case, the IRS sent plaintiff notices of deficiency at his last known address for each tax year at issue.  On June 4, 2003, the IRS sent notices of deficiences for tax years 1999 and

2000.  (*See* Defs.' Exs. 6, 7.)  On October 24, 2003, July 27, 2004, and June 21, 2005, the IRS sent notices of deficiencies for tax years 2001, 2002, and 2003 respectively.  (*See* Defs.' Exs. 10, 12, 13.)   Certified transcripts indicate that the IRS did not assess  plaintiff's tax liabilities until November 3, 2003 for tax years 1999 and 2000 and until March 29, 2004, December 20, 2004, and February 6, 2006 for years 2001, 2002, and 2003, respectively.  (*See* Defs.' Exs. 1-5.)  Furthermore, the two levies that plaintiff challenges were served on May 1, 2005 and on April 9, 2005.  The record therefore establishes that all assessment and tax collection activity occurred well after the expiration of the 90-day period.  Plaintiff has offered no evidence to refute this finding.[3]  The levies were thus procedurally proper and summary judgment will be granted with respect to Counts I and II.[4]

## II. Counts III, V, and VI Fail Because the Court Lacks Jurisdiction Over Plaintiff's Constitutional Claims

In Counts III, V, and VI, plaintiff asserts that the levies violated his constitutional rights. The doctrine of sovereign immunity bars suits against the United States that are not specifically

---

[3] In fact, plaintiff's allegation that no notices of deficiency were ever sent to him is belied by the fact that he responded almost immediately to three of them.  Plaintiff filed protests with the IRS against the 1999 and 2000 deficiencies on June 12, 2003, and mailed back the 2001 notice of deficiency in August 2003 with the pages stamped to indicate his disagreement.  (*See* Defs.' Exs. 8, 9, 11.)

[4] In Count II, plaintiff also alleges that the IRS violated 26 U.S.C. § 6330(e) because his "Collection Appeal Request" was still pending "prior to the issuance of the administrative Notice of Levy." (Compl. ¶ 29).  Section 6330(e) provides that collection activities must be suspended during the time a hearing on a notice of levy is pending and for 90 days after a final determination is made.  However, plaintiff makes no claim that he ever invoked the hearing provision as required by statute.  *See Wesselman v. United States*, 501 F.Supp.2d 98, 102-103 (D.D.C. 2007).  Furthermore, no collection activities took place between May 11, 2007, when plaintiff sent his appeal letter, and June 11, 2007, when his appeal was denied.  Plaintiff has therefore failed to state a claim based on § 6330(e).

allowed by statute. *Jackson v. Bush*, 448 F.Supp.2d 198, 200 (D.D.C. 2006). Congress has not waived sovereign immunity for suits seeking monetary damages that arise under the Constitution. *Id.* at 201. *See also Clark v. Library of Cong.*, 750 F.2d 89, 102-03 (D.C. Cir. 1984). Thus, the Court lacks subject matter jurisdiction over plaintiff's constitutional claims and summary judgment will be granted as to these counts.[5]

### IV. Count IV Fails Because this Court Lacks Jurisdiction Over Plaintiff's Request For a Refund and Because Plaintiff is Not Entitled to Damages Under 26 U.S.C. § 7433.

In Count IV, plaintiff requests the return of his seized property, as well as damages based on defendants' failure to respond to his administrative claim by releasing its levies. (Compl. ¶¶ 40, 42.) To the extent that plaintiff seeks a tax refund, the Court lacks jurisdiction because plaintiff does not allege that he filed a claim for refund, as required by 26 U.S.C. § 7422.[6] *See United States v. Dahm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before

---

[5] In Count VI, plaintiff also alleges that the seizure of his property violated his rights under the Administrative Procedures Act ("APA"). (Compl. ¶ 55.) The D.C. Circuit has held that an action under the APA is barred if it concerns the assessment or collection of federal taxes. *See McGuirl v. United States*, 360 F.Supp.2d 129, 131-32 (D.D.C. 2004) (citing *Foodserv. and Lodging Inst., Inc. v. Regan*, 809 F.2d 842, 844 (D.C. Cir. 1987)). Plaintiff's APA claim is therefore dismissed.

[6] This statute provides:
> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7466(a) (2006).

filing a suit for a tax refund).

Nor can plaintiff claim damages under 26 U.S.C. § 7433.[7] "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Under the applicable regulations, a taxpayer is required to send a claim in writing to the area director in the district in which he lives and include the following: (1) the grounds for the claim; (2) a description of the taxpayer's injuries; (3) the dollar amount of the claim, including reasonably foreseeable damages; and (4) the signature of the taxpayer. See 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to complete this process deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004). Plaintiff has not filed an administrative claim based on the levies of his social security benefits. Accordingly, plaintiff has failed to exhaust his adminstrative remedies with respect to the $7,700 seized from his social security benefits, and the Court lacks jurisdiction to consider this claim.

Plaintiff did, however, file an appeal of the Avanta notice of levy in a letter dated May 11, 2007. (Pl.'s Ex. A.) The letter claimed that plaintiff "was never issued a notice of deficiency" and "never given the opportunity to petition the Tax Court." (*Id.* at 2.) The IRS denied plaintiff's appeal by letter dated July 11, 2007, stating that "[o]ur determination is the levy was appropriately issued." (Pl.'s Ex. B.) As the Court has already determined, the Avanta

---

[7] Plaintiff also requests damages pursuant to 26 U.S.C. § 7431. This Court has previously held that the "exclusivity provision of § 7433 bars suits under § 7431 pertaining to the collection of federal taxes." *Koerner v. United States*, 2007 WL 1723663, at * 1 (D.D.C. Jun. 13, 2007) (citation omitted). The Court therefore lacks subject matter jurisdiction to hear plaintiff's claims under § 7431. *See Koerner v. United States*, 471 F.Supp.2d 125, 127 (D.D.C. 2007).

levy was procedurally proper. Therefore plaintiff is not entitled to damages pursuant to § 7433 and summary judgment is granted on this claim.

>   V.  **Count VII Fails Because the Seizure of Plaintiff's Property Is Not Governed by 28 U.S.C. § 3001.**

Count VII asserts that defendants' seizure of plaintiff's property should have been conducted in accordance with the Federal Debt Collection Procedure Act, codified at 28 U.S.C. §§ 3001-3015. This argument is belied by the statute itself, which provides that "[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." 28 U.S.C. §§ 3001(b). The Tax Code provides exclusive procedures to govern the government's collection of unpaid tax liabilities. *See, e.g.*, 28 U.S.C § 6331. This Count is therefore dismissed for failure to state a claim.

>   VI. **Plaintiff Is Not Entitled to Injunctive Relief**

Finally, in each of his seven counts, plaintiff requests that the Court order defendants to "issue a Certificate of Release of the administrative Notices of Levy." (Compl. ¶¶ 25, 30, 35, 42, 53, 60, 66.) Generally, the Anti-Injunction Act precludes this Court from exercising jurisdiction to enjoin the IRS from tax collection activities. *See* 26 U.S.C. § 7241. Plaintiff asserts that his claims fall within an exception to the Anti-Injunction Act, since he alleges a violation of §§ 6212 and 6213. However, as previously held, the IRS has complied with these provisions in this case. Therefore, plaintiff is not entitled to injunctive relief and summary judgment is granted as to this claim.

**CONCLUSION**

For the reasons stated herein, defendants' motion for summary judgment [Dkt. 13] is **GRANTED** and the captioned case is dismissed with prejudice.[8]  An appropriate Order accompanies this Memorandum Opinion.

This is a **final appealable order**.  *See* Fed. R. App. P. 4(a).

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   June 30, 2008

---

[8] In addition, plaintiff has failed to respond to defendant's motion to dismiss.  Because plaintiff is a *pro se* litigant, the Court issued an Order on April 25, 2008, to advise plaintiff of his obligation to file an opposition to defendant's motion to dismiss and the consequences of failing to do so.  On May 21, 2008, plaintiff filed a motion requesting an enlargement of time.  The Court granted this motion and set a new deadline of June 26, 2008.  This date has now passed with no response from plaintiff and the Court may therefore treat defendant's motion as conceded.  *See FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997).